(No. 13783.—Writ awarded.)

THE PEOPLE *ex rel.* Mary Callahan *et al.* Petitioners, *vs.*
FREDERIC R. DEYOUNG, Judge, Respondent.

*Opinion filed June 22, 1921.*

1. APPEALS AND ERRORS—*circuit court must enter decree when
directed to do so on remandment of cause—mandamus.* Where a
cause is remanded .by an appellate court with directions to the cir-·
cuit court to enter a particular decree the court has no discretion
but must enter the decree in accordance with the direction, and
the duty to do so may be enforced by *mandamus.*

2. SAME—*rule where trial court is directed to enter decree ac-
cording to views expressed in opinion.* Where .the mandate of an
appellate court directs the entry of a decree in accordance with
the views expressed in the opinion the trial court must look to the
opinion to ascertain the views expressed, but it must conform its
action to directions given in the mandate and must enter a decree
in accordance with the views expressed in the opinion.

3. SAME—*rule where cause is remanded for further proceedings
in conformity with opinion.* Where an appellate court remands a
cause for further proceedings in conformity with its opinion the
trial court must examine the opinion and determine from the nature
of the case what further proceedings may conform to the opinion,
and if the merits have not been determined on the appeal an amend-
ment of the pleadings and the introduction of additional evidence
may be permitted, but if the merits have been determined, the only
proceeding in conformity with the opinion is the entry of a decree
in accordance with it.

4. SAME—*what amounts to a direction to enter a decree as
prayed in the bill.* On appeal from a decree dismissing a bill for
want of equity after the trial court has sustained a motion to strike
the complainant's evidence, a finding by the Appellate Court that
the bill states a cause of action and that the complainant's evidence
was sufficient to establish the same is a determination of the case
upon its merits, and a remandment for further proceedings in ac-
cordance with the views expressed in the Appellate Court's opin-
ion amounts to a direction to enter a decree as prayed for in the
bill, even though the defendant introduced no evidence.

5. MANDAMUS—*resignation of trial judge does not abate suit
to compel carrying out of remanding order.* The duty of a trial
judge to carry out the remanding order of an appellate court is a
continuing duty, which rests upon his successor in the event of
his resignation; and the resignation of a trial judge after the fil-

ing of a petition for *mandamus* to compel the entry of a decree in accordance with a remanding order does not abate the suit, but under section 8 of the Mandamus act the performance of the duty may be required of the succeeding judge.

6. SAME—*assignment of a case to another judge cannot affect writ to compel carrying out of remanding order.* Obedience to a writ of *mandamus* to compel the trial judge to carry out a remanding order of an appellate court cannot be avoided or the proceeding suspended by the assignment of the case to another judge of the same court, as the duty to be performed is the duty of the court, and when the proceeding is begun to compel the action of said court, the judgment which may be rendered will be binding on the court and all of its judges.

7. LIENS—*bill to enforce lien given by section 10 of Dram-shop act is not a suit to enforce general lien of judgment.* A bill filed under section 10 of the Dram-shop act to charge as a lien upon the premises of the defendant a judgment recovered under section 9 of the act is a chancery proceeding in which the execution of the decree is provided for by section 47 of the Chancery act, and the suit is not a proceeding to enforce the general lien of the judgment, which is limited to seven years by section 1 of the statute on judgments, decrees and executions.

ORIGINAL petition for *mandamus*.

SAMUEL W. NORTON, and WILLIAM C. DUNN, for petitioners.

LITSINGER, HEALY & REID, (JAMES J. FINN, of counsel,) for respondent.

Mr. JUSTICE DUNN delivered the opinion of the court:

Mary Callahan and her three minor children recovered a judgment for $5000 on March 14, 1913, against Frank Hallinan in a suit brought under section 9 of the Dram-shop act for injury to their means of support. They subsequently filed a bill in chancery against John J. Healy under section 10 of the Dram-shop act to charge the judgment as a lien upon the premises in which Hallinan conducted his saloon. At the hearing of the chancery cause

the defendant offered no evidence but both parties rested at the conclusion of the evidence introduced by the complainants. The court sustained motions made by defendant to strike out the complainants' evidence and dismissed their bill for want of equity. The complainants appealed to the Appellate Court for the First District, which reversed the decree and remanded the cause to the circuit court "for such other and further proceedings as to law and justice appertain, in conformity with the views expressed in the opinion of this court this day filed herein." The opinion stated: "We are of the opinion that the original declaration stated a good cause of action under section 9 of the Dram-shop act; that on the evidence submitted complainants were entitled to a lien, and that the court erred in striking out complainants' evidence." After the cause was re-instated in the circuit court the complainants made a motion for a final decree in accordance with the prayer of the bill. The defendant asked leave to amend his answer, and Judge McGoorty, to whom the cause had been assigned, denied the complainants' motion and granted leave to the defendant to amend his answer. Thereupon the complainants applied to this court for leave to file a petition for a *mandamus* requiring Judge McGoorty to enter a final decree declaring the judgment to be a lien on the premises as prayed for in the bill. The leave was granted, the respondent answered the petition, and the cause has been submitted for decision on demurrer to the answer.

Where a cause is remanded by an appellate court with directions to the circuit court to enter a decree, the court has no discretion but its duty is to enter the decree in accordance with the direction. The contention of the respondent's counsel is, that the remandment, with directions for further proceedings in conformity with the opinion of the court, was not a remandment with specific directions but left to the discretion of the judge to determine what proceedings would be in conformity with the opinion of the

court. The rule is well established that when the mandate of an appellate court directs the entry of a decree in accordance with the views expressed in the opinion, the court must look to the opinion to ascertain the views expressed but it must conform its action to directions given in the mandate and must enter a decree in accordance with the views expressed in the opinion. (*Fisher* v. *Burks,* 285 Ill. 290; *Prentice* v. *Crane,* 240 id. 250.) The duty to do so may be enforced by *mandamus.* (*People* v. *Scanlan,* 294 Ill. 64.) In the case now under consideration the court did not in so many words direct the entry of a decree but remanded the cause for further proceedings in conformity with the opinion filed. In such a case the trial court is bound to examine the opinion and determine from the nature of the case what further proceedings may conform to the opinion. If the merits of the case have not been determined on the appeal an amendment of the pleading and the introduction of additional evidence may be permitted, but if the case has been considered on its merits and they have been determined, the only proceeding in conformity with the opinion is the entry of a decree in accordance with it. (*Prentice* v. *Crane, supra.*) The case in the Appellate Court presented the question of the sufficiency of the declaration in the case against Hallinan under section 9 of the Dram-shop act as a basis for the lien, and the sufficiency of the evidence to establish the lien of the judgment upon the property of the defendant under section 10 of the Dram-shop act. Both these questions were decided in favor of the complainants, the court stating in its opinion that the declaration stated a good cause of action under section 9 and that on the evidence submitted the complainants were entitled to a lien. The decision of those questions determined the merits of the case. The views expressed in the opinion were that the law was with the complainants and that the facts established by the evidence entitled them to the lien for which they prayed. The cause having been submitted for

decision and the Appellate Court having found the issues of law and fact for the complainants, no other proceeding in conformity with the views expressed in the opinion was possible than a decree for complainants establishing the lien.

No evidence was introduced by the defendant on the hearing, and it is insisted that the action of the court in sustaining the motion to strike the complainants' evidence eliminated such evidence from consideration and that no decree could be entered in the absence of any evidence. The parties had both rested, the introduction of evidence was closed, all the evidence that either party chose to submit was before the court and the cause was submitted to the court for a final decision upon the merits. Whether a motion was made to strike out the evidence or not, the court would not consider incompetent evidence over the objection of the party against whom it was offered. The motion to strike amounted to no more than an objection to the evidence, and the sustaining of such objection or the formal order striking the evidence from the record was simply a ruling of the court that the evidence was not competent and would not be considered in deciding the case. The Appellate Court determined that the evidence was competent and should be considered in deciding the case and upon a consideration of the evidence in the record decided the issue of fact in favor of the complainants. The Appellate Court was authorized by the statute to enter such judgment as the circuit court should have entered on the whole record, or in its discretion it might remand the cause generally without any direction or with such directions as it should deem proper. It chose the course of remanding the cause with directions to proceed in accordance with the views expressed in the opinion of the court, and the opinion of the court stated and determined the issues under the law and facts involved in the case which entitled the complainants to a lien on the property. The directions, therefore, amounted to a direction to enter a decree as prayed for in the bill.

After Judge McGoorty answered the petition he re-
signed his office, and at the February term, 1921, Judge
Frederic R. DeYoung, who had been appointed his suc-
cessor, was substituted as defendant. Leave was asked to
amend the answer filed by Judge McGoorty and also for
Judge DeYoung to answer. These motions were denied.
It is argued that the writ of *mandamus* cannot issue against
Judge DeYoung; that he was under no obligation to enter
a decree until demand had been made on him to do so, and
that no demand was ever made on him. It was also shown
in support of the motion for leave to Judge DeYoung to
answer, that the assignment of the case to Judge McGoorty
has been set aside and the case has been assigned to another
judge of the circuit court, not Judge DeYoung. The action
sought to be compelled is the action of the circuit court of
Cook county, which is composed of twenty judges, each
one of whom is authorized to exercise all the powers of
the circuit court. The action was brought against Judge
McGoorty for the reason that the cause had been assigned
to his docket. When he resigned the action did not abate,
but, the duty being a continuing one resting upon public
officers, its performance may be enforced against the offi-
cers generally, and their successors. Section 8 of the Man-
damus act provides: "The death, resignation or removal
from office, by lapse of time or otherwise, of any defend-
ant, shall not have the effect to abate the suit, but his suc-
cessor may be made a party thereto, and any peremptory
writ may be directed against him." In *People* v. *Super-
visor of Barnett Township,* 100 Ill. 332, an alias peremptory
writ of *mandamus* was awarded against a supervisor com-
manding him to execute certain bonds, for the execution of
which a writ of *mandamus* had been awarded against his
predecessor, who had not obeyed it. The court said the alias
writ was but the repetition of the writ against the same
party represented by another person. The same principle
was announced in *State Board of Equalization* v. *People,*

298—25

191 Ill. 528. Obedience to the writ cannot be avoided or the proceeding suspended by the assignment of the case to another judge. The duty is the duty of the court, and when the proceeding is begun to compel the action of the court, the judgment which may be rendered will be binding on the court and all the judges of the court. The motion before Judge McGoorty and the demand for the entry of the decree was a call upon the circuit court to obey the mandate of the Appellate Court and was effective upon every one of the judges of that court, and the judgment which may be rendered will also be binding upon them.

Objection was made by the respondent that the judgment which was rendered on March 14, 1913, had become dormant, that no execution could be issued upon it, and that after the expiration of seven years the writ of *mandamus* would not issue to enforce it. It was not the object of the bill to enforce the general lien of the judgment provided by chapter 77 of the Revised Statutes. The lien sought to be enforced is the one authorized by section 10 of the Dram-shop act. The proper method of enforcing such lien is by bill in chancery, and section 47 of the Chancery act provides for the carrying into effect of decrees, when there has been no direction that the master in chancery or commissioner execute them, by execution or other final process, according to the nature of the case, directed to the sheriff or other officer of the proper county. The execution which the decree provides for is not an execution on the judgment from the court which rendered it, but an execution against the property for the enforcement of the lien of the judgment created by section 10 of the Dram-shop act, to be issued out of the court rendering the decree.

The writ of *mandamus* will be awarded. The terms of the judges of the circuit court of Cook county have expired since the cause was submitted, and the judgment will therefore be entered as of the date of submission. The writ will

be directed against Judge DeYoung and the judges of the circuit court of Cook county, his successors in office, and may be served upon any of the persons acting as judge of the circuit court of Cook county at the time of service.

*Writ awarded.*