# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

(No. 14429.—Writ denied.)

THE PEOPLE *ex rel.* Newell K. Kennon, Relator, *vs.* JOSEPH S. LABUY, Judge, Defendant.

*Opinion filed October 21, 1922.*

1. MANDAMUS—*general rule as to when writ is available against judge or court.* The writ of *mandamus* lies to enforce some duty of an imperative character imposed by law and involving no discretion in its exercise, and it includes power to compel a judge or court to perform a duty where there is no discretion in respect to such performance, but it is not available as a substitute for an appeal or writ of error and cannot be used to correct judicial error.

2. SAME—*judge of municipal court acts judicially in deciding a petition for vacation of judgment.* A judge of the municipal court of Chicago acts judicially in deciding whether a petition under section 21 of the Municipal Court act sets forth sufficient grounds for vacating, setting aside or modifying a judgment.

3. SAME—*allowance of writ rests in discretion of the court.* A relator cannot demand the writ of *mandamus* as an absolute right, and while the jurisdiction exists the exercise of it rests to a great extent in the sound discretion of the court, in view of all the existing facts, with due regard to the consequences which will result and subject to well settled principles established by the courts, and the writ will not be awarded where it will accomplish wrong or injustice.

4. SAME—*when a writ to compel expunging of order vacating judgment in forcible detainer should be denied.* Where the answer

to a petition for a writ of *mandamus* to compel the expunging of an order vacating a judgment for the plaintiff in a forcible detainer suit sets up facts showing that the judgment was obtained by concealment or falsehood as to the nature of the plaintiff's title, against which a court of equity would have relieved, and where the replication does not deny the allegations of the answer, the writ should be denied.

ORIGINAL petition for *mandamus.*

PEDEN, GRAYDON, KAHN & MURPHY, (HARRY A. KAHN, of counsel,) for relator.

MAX C. LISS, for defendant.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

By leave of court Newell K. Kennon filed his petition in the name of the People of the State of Illinois, praying for a writ of *mandamus* directed to the defendant, Joseph S. LaBuy, one of the judges of the municipal court of Chicago, commanding him to expunge from the records of the court an order setting aside a judgment of the court entered in the case of Newell K. Kennon against Delia Burke. The petition was answered and a replication filed forming issues of fact, which were referred to a commissioner to take the evidence and report the same to the court. The evidence has been taken and returned and the cause submitted for decision.

The facts set forth in the petition as entitling the relator to the writ are as follows: On May 26, 1921, the relator, Newell K. Kennon, was the owner of premises in Chicago known as 3963 Ellis avenue, and on that day he instituted a forcible entry and detainer suit against Delia Burke for possession of the premises. There was a trial by the court on June 9, 1921, resulting in a finding that Delia Burke was guilty of withholding the premises, and a judgment for possession, with an order that the writ of restitution be

stayed to September 30, 1921, and the new rental should be $80 a month. On September 22, 1921, the defendant made a notation of record of a motion of Delia Burke to vacate the judgment, and on September 29, 1921, the defendant, without witnesses being sworn or evidence heard, entered the following order: "Motion defendant heretofore entered to vacate order June 9, 1921, sustained. Trial by court finding defendant, Delia Burke, not guilty. Judgment on finding *vs.* plaintiff, Newell K. Kennon." On September 30, 1921, the attorneys for the relator moved the defendant for an order expunging from the record the orders of September 22 and September 29, and on October 26, 1921, the motion to expunge the orders was overruled. The petition alleged that the order staying the writ of restitution was void because Delia Burke had not given a bond to pay the rental fixed, and the provision of the Forcible Entry and Detainer act for such stay was a violation of constitutional rights. The petition asked for the writ commanding the defendant to expunge the orders of September 22 and 29, and if the court should hold the Forcible Entry and Detainer act unconstitutional, that the part of the judgment entered on June 9 staying the writ of restitution be also expunged.

The defendant answered that upon the trial of the forcible entry and detainer suit on June 9, 1921, evidence for the plaintiff was introduced that the relator, Newell K. Kennon, was the owner of the premises; that notice had been served on Delia Burke, who had no lease, written or oral, but was a tenant from month to month, terminating the tenancy; that the evidence for Delia Burke was that she had rented the premises from Angeline Strong, who told her that she could stay in the premises until April 30, 1922, at $80 per month; that the plaintiff testified in rebuttal that Angeline Strong had no interest in the property, legal or equitable; that she was not his agent and had no authority to make a lease for any length of time or do any other act

or acts which would bind the plaintiff; that upon consideration of this evidence he entered judgment, and upon representations as to the condition of Delia Burke, her age and means of making a living, he stayed the writ of restitution until September 30, 1921, and fixed the rent at $80 per month, in accordance with the Forcible Entry and Detainer act. With respect to the subsequent proceedings, the answer alleged that on September 22, 1921, a written notice was presented to the defendant, under section 21 of the Municipal Court act, in the form of an affidavit, requesting him to vacate the judgment for possession; that on September 29, 1921, there was a hearing of that petition, and among other things there was introduced in evidence a certified copy of a deed executed by Kennon on January 20, 1919, granting a life estate in the premises to Angeline Strong, filed for record on July 5, 1921, after the judgment of June 9. From this evidence the defendant was satisfied that a fraud had been practiced on Delia Burke and the judgment against her had been fraudulently obtained and a court of equity would have set aside the judgment. The answer then alleged that when the motion was made to vacate the judgment the defendant directed the attorney for Delia Burke to prepare an amendment to her petition setting forth the evidence, and such an amendment was filed on October 26, 1921, setting forth the facts, with a copy of the deed; that on that day all the parties were in court with their attorneys and the matter was re-argued, and the defendant found that the petition as amended was sufficient, under section 21 of the Municipal Court act, to grant the relief which had been granted, and the motion to expunge the order was overruled.

The replication which was filed was a sort of miscellany of alleged facts, law, argument and criticism and most of it wholly immaterial. There was a great deal in it about the proceedings and evidence, and it contained a denial that on the trial of the suit the relator testified that Angeline

Strong had no interest in the property, but alleged that he did state he was entitled to possession of the premises and Delia Burke was unlawfully withholding possession from him.    With all its statements it contained no denial of the allegation of the answer that on the hearing on September 29, 1921, there was a certified copy in evidence of a deed from the relator, Newell K. Kennon, executed on January 20, 1919, and filed for record on July 5, 1921, granting to Angelina Strong the premises in question for and during the term of her natural life, which demonstrated that the relator had only a remainder after the life estate of Angelina Strong and that the judgment was obtained by concealment, falsehood or fraud.

The writ of *mandamus* lies to enforce some duty of an imperative character imposed by law and involving no discretion in its exercise.    It includes power to compel the vacation of orders of an inferior court, and a judge or court may be compelled by the writ to perform a duty where there is no discretion in respect to such performance. (*People* v. *DeYoung*, 298 Ill. 380.)    The writ is not available as a substitute for an appeal or writ of error and it cannot be used to correct judicial error.    When a petition is presented to a judge of the municipal court under section 21 he must consider whether it sets forth grounds for vacating, setting aside or modifying a judgment which would be sufficient to cause the same to be vacated, set aside or modified by a bill in equity, and in deciding that question the judge acts judicially.    The affidavit presented to the defendant on September 22, 1921, did not state a single fact which would have authorized a court of equity to act or to vacate the judgment, or from which an inference that the judgment was fraudulently obtained could have been drawn.    The substance of it was that the judgment was wrong and the petitioner was unable to obtain other premises and believed there was a conspiracy to obtain the possession.    Whether the affidavit came within the rule stated,

under which the defendant could be said to have acted judicially in taking jurisdiction to vacate the judgment and vacating the same, or whether the subsequent amendment cured the entire absence of any sufficient reason for acting at all, will not be considered, for the reason that the case is one where to award the writ would accomplish a wrong. A relator cannot demand the writ as an absolute right, and while the jurisdiction exists, the exercise of it rests to a great extent in the sound discretion of the court, subject always to well settled principles established by the courts. The writ is to be granted or withheld in the exercise of a sound judicial discretion in view of all the existing facts and with due regard to the consequences which will result. (*People* v. *Ketchum,* 72 Ill. 212; *People* v. *Board of Supervisors,* 185 id. 288; *People* v. *City of Rock Island,* 215 id. 488.) The proceeding and action of the defendant was the administration of a rough sort of justice not common in courts of record, but it was justice after all. Notice was given on September 19, 1921, to the attorney for the relator that the motion to vacate the judgment would be made on September 22, and there was a final hearing on the motion to expunge on October 26, 1921. It was proved that the judgment was obtained by concealment or falsehood constituting a fraud against which a court of equity would have relieved. It is clear that a writ commanding the defendant to expunge the order setting aside the judgment and leaving the judgment stand in full force and effect, with the right to a writ of restitution, would do a serious injustice, and it ought not to be awarded where such consequences will result.

The relator having only a remainder after the life estate of Angelina Strong and not being entitled to possession, the question of the constitutionality of the Forcible Entry and Detainer act does not concern him.

The writ of *mandamus* is denied.        *Writ denied.*