Marion G. Wilson, Executrix of the Estate of William Garnett, Deceased, Appellant, v. Raymond E. Prochnow, Appellee.

Gen. No. 39,361.

Opinion filed November 10, 1937. Rehearing denied November 22, 1937.

THOMAS G. VENT, of Chicago, for appellant.

ALTHEIMER, MAYER, WOODS & SMITH and WILLIAM F. STRUCKMANN, both of Chicago, for appellee.

Mr. Justice Hall delivered the opinion of the court.

By this appeal Marion G. Wilson, executrix of the estate of William Garnett, deceased, seeks the reversal of an order of the circuit court of Cook county, entered on November 21, 1936, by which Raymond E. Prochnow was discharged from imprisonment in the county jail, where he had been detained under a decree and order of the circuit court of Cook county from the 14th day of May, 1934, for failure and refusal to account for and produce certain property of the estate, held by him. The decree and order of commitment were entered in the circuit court of Cook county after a hearing on an appeal from the probate court of Cook county, where the proceeding involved here was originally instituted. In the decree entered in the cause it was found that Prochnow had appropriated to his own use various securities belonging to the estate of William Garnett, deceased, of the value of $30,282.61, which amount he was ordered and required to pay over and deliver to Marion G. Wilson, executrix of the estate of William Garnett, deceased, within 20 days of the entry of the order and decree of May 24, 1932, and that in default thereof, Prochnow be committed to the county jail in and for the county of Cook and State of Illinois, until he should comply with the order and decree of the court. It was further ordered that jurisdiction of the cause and proceeding be expressly reserved "so that this order and decree may be made effective."

On June 18, 1932, a supplemental decree was entered in the cause by the circuit court of Cook county to the effect that Prochnow pay over and deliver to Marion G. Wilson, executrix of the estate of William Garnett, deceased, or to Thomas G. Vent, Esq., her counsel, the sum of $30,282.61; also, $2,000 par value of General Vending Corporation 10 Yr. Sec. Sinking Fund 6 per cent bonds due August 15, 1937, with August 15, 1930,

and all subsequent interest coupons attached thereto, or in lieu thereof, the receipts or voting trust certificates issued therefor, if any there are, duly assigned to the petitioner; and $3,000, par value, of National Theatres Corporation First and Refunding Mortgage A 6½ per cent bonds, comprising bonds Nos. 1576, 1579 and 1580, with June 1, 1930, and all subsequent interest coupons attached thereto, or in lieu thereof, the depositary certificate issued therefor, if any there is, duly assigned to petitioner, all within 20 days from and after the day and date thereof, or that, in default thereof, Raymond E. Prochnow be committed to the county jail in and for said county of Cook and State of Illinois, until he shall comply with the order and decree of the court, and that jurisdiction of the cause and proceeding be expressly reserved so that this order and decree might be made effective; that more than 20 days had elapsed since the entry of the final decree, and that the respondent, Raymond E. Prochnow, had failed to make the payments and to deliver the securities required of him in the decree, and had failed to comply with the provisions of the decree, either in whole or in part; that he had not presented or filed an appeal bond for the approval of the court wherewith to perfect an appeal from said final decree to the Supreme Court of the State of Illinois, as provided for in the decree, and that the said decree, order and judgment had, therefore, become final and absolute as against the respondent; that it be therefore ordered, adjudged and decreed that a body attachment or *capias* be forthwith issued to attach the body of the respondent, Raymond E. Prochnow; that a *mittimus* forthwith issue for Raymond E. Prochnow, and that he be committed to and confined to the county jail in the county of Cook and State of Illinois until he should comply with this final order and decree of the court, as by the statute, Ill. Rev. Stat. 1937, ch. 3, secs. 81 and

82; §§ 82 and 83; Jones Ill. Stats. Ann. 110.082 and 110.083, made and provided; that jurisdiction of the cause and proceeding be expressly reserved so that the said final order and decree and the supplemental decree might be made effective.

Thereafter, a petition in the nature of a writ of error *coram nobis* was filed by Prochnow in the circuit court of Cook county, seeking to set aside the decree and order referred to, which petition was ordered dismissed by the circuit court of Cook county. The order of dismissal was reviewed by this court and the Supreme Court and affirmed.

All the matters and things above referred to are reviewed in *Wilson v. Prochnow,* 284 Ill. App. 369. The subject matter of the proceeding before this court in the last mentioned case was a petition filed by Prochnow in the circuit court of Cook county on February 20, 1935, in which he recites the orders above referred to, and sets forth that he was at that time confined in the county jail of Cook county, and had been so confined since May 14, 1934, that the petitioner at one time prior to the entry of the decrees and order aforesaid had been in the possession of said bonds, but that at the time of the entry of the order he was not in possession or control of them, and that they have not since that time been in his possession or control, nor had they been in the possession or control of any other person or persons for him; that he had no knowledge of the whereabouts of the bonds and he did not know who now claimed ownership thereof; that he was not then, nor since the entry of the decrees and order, in possession or control of them, either directly or indirectly, in his own hands or in the hands of any person or persons for him, nor in control of any assets of any kind belonging to the estate of said William Garnett, deceased; that he was unable to procure any funds on credit or otherwise with which he might be enabled

to comply with the decrees and order of the court; and that he was unable to comply with said decrees and order. It is further stated that should he continue to be detained and imprisoned, he would not be able to earn any money and, therefore, so long as he should be detained and imprisoned, he would be unable to make any payment on account of the decrees or order entered against him. This petition further states that "unless your petitioner shall be ordered discharged from said detention and commitment, he will be kept in confinement during the rest of his natural life." The prayer of the petition was that the decrees and order committing the petitioner to jail be vacated and that the commitment and attachment theretofore issued be withdrawn and the petitioner discharged from the custody of the sheriff of Cook county. To this petition a special demurrer was filed by Marion G. Wilson, executrix of the estate of William Garnett, deceased. The court entered an order sustaining the demurrer and dismissing the petition, and in such order found among other things, that "This court is without jurisdiction to set aside, vacate, modify or annul the decrees and orders entered herein at the May Term, A. D. 1932 of this court, or to grant the relief or any part or portion thereof as prayed for in said petition, and that said demurrer is well founded in point of law and should be sustained." In that case, on appeal, this court reversed the circuit court, and in commenting on the reasons given by the circuit court for sustaining the demurrer, said: "On this point, we are unable to agree with the court's finding. As already stated, the proceeding under sections 81 and 82 of the Administration of Estates Act is a summary proceeding, and is brought for the sole purpose of compelling any person having property or effects belonging to the estate of a deceased person, to produce them, and to turn them over to the personal representative of the estate, in this case, the executrix of the estate of William Gar-

nett, deceased. It necessarily follows that the court in attempting to exercise the powers given it by these sections of the act must retain full control over the matter for the purposes noted in the statute. The very language of the act in this regard indicates that this is true.''

Subsequently, Prochnow filed an amended petition in the circuit court, and the ground upon which he now seeks his discharge, as set forth in this petition, is that notwithstanding the admitted fact that he embezzled and appropriated to his own use a large amount of property belonging to the estate of William Garnett, deceased, and which he has failed and refused to turn over to the personal representative of the estate, the fact is that he is bankrupt, without funds, and is totally unable to comply with the order of the court. In his brief filed, it is admitted that the following facts were established by the orders and decrees of the circuit court, all of which have been affirmed on review: (1) That Prochnow converted to his own use certain assets of William Garnett, deceased. (2) That among the assets so converted were certain securities, the value of which, including interest, was ascertained by the circuit court at the time of the entry of the decree of May 24, 1932, to be $30,380.61. (3) That judgment was entered for this amount in favor of the executrix and against Prochnow, and execution ordered, and that such judgment remains fully unpaid. (4) That in addition to the assets so converted Prochnow has not accounted for certain bonds belonging to the Garnett estate. (5) That these bonds, at the time of the entry of the decree of May 24, 1932, were in Prochnow's possession or control. (6) That Prochnow at the time he was committed to jail, had not paid the money judgment and had not restored the bonds.

As stated, in its amended and supplemental decree under which Prochnow was committed, the court found that Prochnow had received from the decedent and ap-

propriated to his personal use, a number of bonds issued by various industrial institutions, naming them, which in value at the time of the entry of the decree, together with accrued interest thereon, amounted to the sum which the court found due the estate of the decedent, and which bonds, or the proceeds thereof, Prochnow had converted and failed to account for. In the hearing before the court, from whose order this appeal is being prosecuted, Prochnow was asked this question by his attorney: ''Q. Directing your attention to the decree that was entered by Judge Taylor and to the finding of that decree that certain assets belonging to William Garnett were converted by you—for your own use, when were these assets converted?'' ''A. Between 1925 and 1927.'' He also testified to the effect that from 1925 to the time of the entry of the supplemental decree, he had no assets of any kind either in his possession, or under his control, or in the possession of anybody for him, whether belonging to the estate of William Garnett or belonging to the concern of which he had been a member, known as Raymond E. Prochnow & Company, or belonging to the witness, and that at the time of the examination, he had no assets of any kind or character. He also testified that he had no income from any source whatever. In this he was corroborated by his wife and some other witnesses.

The securities which Prochnow admits he appropriated to his own use are listed by the court in its decree. In the petition filed in the circuit court, which the court dismissed for lack of jurisdiction and which this court reversed, practically the same grounds were urged for the discharge of Prochnow as are now urged, and we reversed the order of the circuit court for the simple reason that that court possesses the machinery for determining with accuracy the truth of any statement that Prochnow might make as to just what dis-

position he made of these securities. The circuit court has the power through subpoena of witnesses and documents to determine the truth or falsity of his claims, and it was the duty of that court to exercise its full power in this regard. Prochnow has testified that he disposed of these securities. Whether this is true or not, can be very easily ascertained without relying on the testimony of a confessed embezzler. The very purpose of the Act involved is to compel persons of the character of Prochnow to disgorge, and every power possessed by that court should be exercised to its fullest extent before it should consider discharging him from custody.

We again call attention to sec. 82 of the Administration of Estates Act, Ill. State Bar Stats. 1935, ch. 3, ¶ 83 (page 57); Jones Ill. Stats. Ann. 110.083, which recites that "if such person refuses to answer such proper interrogatories as may be propounded to him, or refuses to deliver up such property or effects, or in case the same has been converted, the proceeds or value thereof, upon a requisition being made for that purpose by an order of said court, such court may commit such person to jail *until he shall comply with the order of the court therein.*" (Italics ours.) His commitment to jail was not for the purpose of punishment, but to coerce him into obeying the order of the court.

We also call attention to the fact that in addition to finding that Prochnow had converted certain securities, which at the time of the entry of the decree, were valued at the sum of $30,282.61, the court also found that at the time of the entry of the decree, he then had in his control certain bonds for which he had made no accounting. All of these bonds are necessarily listed some place. The record shows the names of the institutions which issued the bonds. Prochnow should be compelled to state to the court when and to whom he disposed of these bonds, and indicate what he did with

the proceeds, so that the representative of the estate may have the opportunity to check up and ascertain whether or not he is telling the truth. A search of the record discloses that he has never made any such statement. He merely states that he converted them to his own use, that he has no funds, and that this should end the controversy. In spite of this statement, the record indicates that he apparently has had sufficient funds to employ able and eminent counsel to prepare and file costly records, briefs and abstracts in three different appeals in this court, three appeals in the Supreme Court of this State, and to conduct a series of extensive and expensive hearings and defenses in the probate, circuit and criminal courts in his effort to avoid an accounting and imprisonment. Before it is ordered that he be released, he should, at least, be compelled by the court to make a detailed statement, under oath, as above suggested.

The motion to dismiss the appeal is denied. The order appealed from is reversed and the cause is remanded with the direction that the court vacate the order releasing Prochnow from imprisonment, and order his recommitment to the county jail under the terms of the orders of the circuit court herein referred to.

*Reversed and remanded with directions.*

HEBEL, P. J., and DENIS E. SULLIVAN, J., concur.