(No. 24703.—

MARION G. WILSON, Exrx., Petitioner, *vs.* HARRY M. FISHER, Judge, Respondent.

*Opinion filed October 21, 1938.*

 

THOMAS G. VENT, for petitioner.

THOMAS J. COURTNEY, State's Attorney, (JACOB SHAMBERG, of counsel,) for respondent.

Mr. CHIEF JUSTICE SHAW delivered the opinion of the court:

This is an original proceeding in this court seeking, by way of *mandamus,* to compel the respondent, as one of the judges of the circuit court of Cook county, to comply with a mandate of the Appellate Court which is hereinafter noted. Neither the interest of the parties nor of the public requires a detailed restatement of all of the facts in the protracted litigation which has brought about the present suit. The cause was before this court in *Wilson* v. *Prochnow,* 354 Ill. 98, where will be found a statement of the prior proceedings in the probate and circuit courts of Cook county. It was again before this court in *Wilson* v. *Prochnow,* 359 Ill. 148, where the facts were again set forth. It was before the Appellate Court for the First District in *Wilson* v. *Prochnow,* 284 Ill. App. 369, where the entire matter was again reviewed. A reference to these cases will make it unnecessary to use further space in the present opinion.

In so far as it is necessary for the purposes of this opinion it is to be noted that on June 18, 1932, the circuit court of Cook county, on appeal from the probate court

of that county, and on a trial *de novo,* entered a certain order against Raymond E. Prochnow. The proceedings then before the court were pending under sections 81 and 82 of the Administration act for the discovery of assets. The order then entered found that Prochnow had failed to comply with a previous order of the court requiring him to deliver to the executrix of the estate of William Garnett certain securities belonging to the decedent, which he had misappropriated. This order was entered pursuant to a previous order of May 24, 1932, at which time Prochnow had been given twenty days to comply with the order of court or be committed to jail as for contempt of court. He failed to comply with the final decree and was thereupon committed. From this particular decree there was no appeal and it became final. Prochnow thereafter filed a petition in the circuit court by which he sought to be released from custody on the grounds of insolvency and inability to comply with the original decree, but the sufficiency of that petition, as amended and supplemented, has been before the Appellate Court and this court on five different occasions, only one of which was availing to Prochnow. See cases above cited; also, *Wilson* v. *Prochnow,* 275 Ill. App. 629; *Wilson* v. *Prochnow,* 292 id. 294.

On November 21, 1936, after the cause had been remanded to the circuit court by the Appellate Court on one of the numerous appeals, the circuit court entered an order discharging Prochnow from further custody and finding that he had served long enough to satisfy the requirements of law. An appeal from that order was perfected to the Appellate Court and on that appeal the Appellate Court for the First District (292 Ill. App. 294) reversed the order appealed from and it remanded the cause, with directions to the circuit court to vacate the order releasing Prochnow and to order his recommitment to the county jail under the terms of the original decree of the circuit court. When

the cause was redocketed in the circuit court it was assigned to the respondent, who followed the mandate of the Appellate Court to the extent of vacating the prior order by which Prochnow had been discharged, but did not remand him to the county jail under the terms of the original decree, in accordance with the mandate of the Appellate Court. Instead of doing so, he committed Prochnow to the custody of the sheriff and allowed him his immediate liberty upon his own recognizance. The respondent thereupon gave Prochnow leave to file an amended and supplemental petition by which, in substance, it was sought to relitigate the matters which had been finally determined in the original decree, and the effect of which, if allowed, would have been to review, and perhaps reverse, all of the prior judgments of the circuit court and the various Appellate Courts. The petitioner herein filed a motion to dismiss that petition, attacking the jurisdiction of the circuit court and insisting that the mandate of the Appellate Court be complied with. That motion was overruled and the respondent herein directed the petitioner to join issue and stated there would be no further proceedings until an answer was filed. The situation thus existing was that Prochnow was at liberty on his own recognizance, the prior decree not complied with and no further remedy available. On that record this petition for *mandamus* was permitted to be filed.

Where a cause is remanded by the Appellate Court with specific directions to the circuit court to enter a particular order or decree, that court has no discretion in the matter, but has a positive duty to enter the order or decree in accordance with the directions. When the mandate of an Appellate Court directs the entry of a decree, the lower court must conform its actions to the directions given in the mandate and must enter a decree in accord with such mandate. (*People* v. *DeYoung*, 298 Ill. 380; *Fisher* v. *Burks*, 285 id. 290; *Prentice* v. *Crane*, 240 id. 250.) In

542

*People* v. *Scanlan,* 294. Ill. 64, we said: "It is the duty of the lower court to follow and obey the mandate of a court of review which gives specific directions for the entry of an order or decree. It is the mandate that governs and not the opinion, and where the mandate gives precise and unambiguous directions they must be obeyed." The duty to enter a decree in accord with the mandate of the reviewing court may be enforced by *mandamus.* *People* v. *De-Young, supra; People* v. *Scanlan, supra.*

The original decree of the circuit court entered in 1932, which has never been reversed or modified, is, and remains, the law of this case. A decree cannot be vacated or amended at a subsequent term for the purpose of correcting an alleged error which involves the merits of the case. Such an error, if one exists, must be reached by appellate review or by a bill in the nature of a bill of review. (*Ernst Tosetti Brewing Co.* v. *Koehler,* 200 Ill. 369.) This basic rule has been applied in many subsequent cases and has never been questioned in this State. An examination of the various records involved in this litigation discloses no *bona fide* effort and offer to comply with the original decree to the extent of Prochnow's ability, but a continuous effort to evade, nullify or modify it in violation of the established rule as above stated. This cannot be done. That decree remains the law of this case and the measure of Prochnow's obligation about which there should be no further quibbling or efforts at evasion.

A writ of *mandamus* will be awarded requiring the respondent to vacate his order by which Prochnow was liberated on his own recognizance, and to recommit him to jail under the terms of the decree of June 18, 1932.

*Writ awarded.*