**People of the State of Illinois, Plaintiff-Appellee, v. Gene Warrington, Defendant-Appellant.**

**Gen. Nos. 11,211, 11,212. (Consolidated.)**

Fourth District.

July 13, 1970.

Rehearing denied August 11, 1970.

Sorling, Catron and Hardin, of Springfield (George William Cullen and Patrick V. Reilly, of counsel), for appellant.

Richard A. Hollis, State's Attorney of Sangamon County, of Springfield, and Robert James Steigmann, Assistant State's Attorney, for appellee.

CRAVEN, P. J., delivered the opinion of the court.

The defendant's employer obtained a permit from the Division of Highways to transport over certain Illinois highways an overweight and overwidth vehicle. By the

terms of the permit, permission was given to move a tractor with dozer attached, weighing 70,000 pounds, mounted on a 6-axle tractor-semitrailer, License No. 8098V, gross 106,000 pounds, with a width of 11 feet, 11 inches. Permission was to move over a certain designated route during daylight hours. The permit carried the notation "VOID IF LIMITATIONS STATED HEREIN ARE EXCEEDED." (Emphasis in original.)

The defendant Warrington began the trip with the permit in his possession with the load as described in the permit, using a tractor bearing the license number described in the permit. En route, the tractor developed difficulties and was taken to a repair shop. A new tractor was substituted and with the new tractor the defendant proceeded on the course described in the permit. The substituted tractor bore a different license number and was approximately 3,000 pounds lighter than the original vehicle.

While en route, a State policeman stopped the defendant, inspected the permit and took the unit to a weighing station where it was weighed-in at 90,220 pounds gross weight. This was under the weight limitation specified in the permit but was 16,940 pounds overweight for a vehicle traveling without a permit. The unit was also within the width limitations of the permit but overwidth assuming no permit. Inasmuch as the tractor being used was not the one described in the permit, citations were issued for overweight and overwidth as though no permit were in existence.

A bench trial in the Circuit Court of Sangamon County resulted in a finding of guilty and the imposition of fines in the amounts of $1,694 for overweight and $25 for overwidth. This appeal is from the finding of guilty and the fines thus imposed.

It is the position of the State that the use of the tractor other than the one described by license number in

371

the permit effectively voided the permit for all purposes. In People v. Manikas, 106 Ill App2d 315, 246 NE2d 142 (2nd Dist 1969), Mr. Justice Davis, speaking for the Appellate Court, Second District, held that a driver whose operator's license had been revoked and to whom a restricted permit had been issued, who drives in violation of the restrictions imposed by the permit, is guilty of the offense of driving while his operator's license is revoked. Here it is urged that this case is authority for the proposition that deviation from the terms of the permit warrants conviction as though no permit had been issued.

We are also cited to the case of People v. Kueper, 111 Ill App2d 42, 249 NE2d 335 (5th Dist 1969), where the Appellate Court held that a defendant driving an overweight vehicle with a permit would be fined on the basis of no valid permit where his load exceeded the authority contained in the permit. This case contains an excellent discussion as to the rule-making power of the Department and the various rules and regulations promulgated by the Department to implement the statutes involved. We are in accord with the holding in Kueper and the discussion there found. In Kueper, however, the permit was voided when the weight limitations specified in it were exceeded. In the instant case, there was no action by the defendant in violation of the limitations of the permit except the transfer of the load from one tractor to another and lighter tractor bearing different license plates. We do not deem this to have been a limitation of the permit. It does not relate to either weight or width, which is the obvious purpose of the two sections cited and of the permit procedures.

Likewise, in Manikas, the object and purpose of the legislation therein involved was to remove undesirable operators from the highway or to permit of limited use under a restricted driving permit. The defendant in

that case voided his restricted permit when he violated its express terms.

The language that permit is voided if limitations stated in it are exceeded can only relate to the legislative limitations with which sections 222 and 228 of chapter 95½, Ill Rev Stats 1967, are concerned, that is, weight and width, and possibly rate and hours of travel. The license number of the tractor is not such a limitation, nor do we deem it a specific description of the vehicle used as required in section 230(b) of chapter 95½.

In this case, there was no violation of the substance of the permit and the weight and width limitations were well within the scope of the permit. The judgments of the Circuit Court of Sangamon County finding violations must be and the same are reversed.

Judgments reversed.

SMITH and TRAPP, JJ., concur.