(No. 42515.—

THE PEOPLE *ex rel.* Donald L. Filkin, Appellant, *vs.* WILBUR FLESSNER *et al.,* Appellees.

*Opinion filed April 1, 1971.*

JOHN E. GAMBILL, of ALLEN & KORKOWSKI & AS-SOCIATES, of Rantoul, for appellant.

LAWRENCE E. JOHNSON, State's Attorney, of Urbana, for appellees.

Mr. JUSTICE WARD delivered the opinion of the court:

On June 10, 1969, the defendant, Donald L. Filkin, after a bench trial before a magistrate in the circuit court of Champaign County was found guilty of speeding in violation of section 49 of the Uniform Act Regulating Traffic on Highways. (Ill. Rev. Stat. 1967, ch. 95½, par. 146.) The trial was conducted over the defendant's objection that he had a right to a trial by jury. Prior to trial he had unsuccessfully sought a writ of *mandamus* or, alternatively, a writ of prohibition to restrain the conducting of the proposed bench trial. The imposition of sentence was stayed by the magistrate pending the appeals which the defendant has brought to this court in which he charges that his constitutional rights have been infringed. Ill. Rev. Stat. 1967, ch. 110A, par. 302(a)(2).

He alleges here that he was denied his right to trial by jury which is assured by section 9 of article II of the Illinois constitution and the sixth amendment to the United States constitution through the refusal of the magistrate and the circuit court to honor his demand for a jury trial. The State's response is that an accused does not have a constitutional right to a jury trial in a first or second traffic offense, where the offense charged is of minor gravity and the possible penalty is slight. It argues that, historically, the Supreme Court in its interpretation of the Federal constitution, has recognized that fundamental fairness does not require a trial by jury in a class of cases which society, as reflected by the penalty which may be imposed, regards as minor or petty. The State acknowledges that neither the language of our constitution nor of our statute, which imple-

ments the right to jury trial in criminal prosecutions, says that an accused charged with a petty or minor offense is not entitled to a jury trial, but an interpretation recognizing a petty offense exception is urged.

Constitutional questions apart, it appears that there was a statutory right to trial by jury here (Ill. Rev. Stat. 1967, ch. 38, par. 103—6; ch. 38, par. 102—15 and ch. 95½, par. 234) but we cannot entertain the appeal from the finding of guilty by the magistrate, as no sentence was imposed. See *People* v. *Rose*, 43 Ill.2d 273, 278.

The denial of writs of *mandamus* and prohibition by the circuit judge was proper. *Mandamus* and prohibition are writs directed to "inferior courts". (*People* v. *LaBuy*, 305 Ill. 11, 15; *People ex rel. Town Court of Cicero* v. *Harrington*, 21 Ill.2d 224, 226.) Our constitution declares (art. VI, § 8) : "There shall be one circuit court for each judicial circuit which shall have such number of circuit and associate judges and magistrates as may be prescribed by law * * *." Thus, the circuit judge and the magistrate were members of the same court and the magistrate could not be commanded by any writ of *mandamus* or prohibition which might have been issued by the circuit judge.

The judgment of the circuit court is affirmed. The improvident appeal from the magistrate's finding is dismissed.

*Judgment affirmed;*
*appeal from conviction dismissed.*