THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAYMOND ALBERS *et al.*, Defendants-Appellants—(THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EQUIPMENT TRUCKING COMPANY, Defendant-Appellant.)

(No. 11352;

Fourth District—June 24, 1971.

Drach, Terrell & Deffenbaugh, of Springfield, (John A. Billington and Raymond L. Terrell, of counsel,) for appellants.

Richard A. Hollis, State's Attorney, of Springfield, (Robert James Steigmann, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This is an appeal from convictions and the imposition of fines in a consolidated criminal prosecution against three truck drivers and the owner of the trucks for overweight violations under par. 228, ch. 95½, Ill. Rev. Stat. 1969. The prosecution originated by the filing of complaints charging each of the three drivers with driving trucks overweight in gross and overweight and overwidth violations. Ultimately, all but the overweight violations were dismissed, and the additional charge of operating an overweight vehicle was filed against the owner, Equipment Trucking Company.

The defendants made demand for a jury trial and this was denied by the trial court. Upon a trial by the court without a jury, the defendants were found guilty and fines in excess of $3,000 were imposed upon each driver and a fine in excess of $10,000 was imposed upon the owner.

The defendants here assert that it was error to deny their demand for jury trial; that the trial court erroneously interpreted the terms and conditions of a permit; and further, that there was a failure to prove the offense beyond a reasonable doubt. In our judgment, this case must be reversed and remanded for a new trial before a jury.

The brief of the People in this court has as an appendix the brief of the People in the case of *People ex rel. Filkin v. Flessner* (1971), 48 Ill.2d 54, 268 N.E.2d 376, which case was then pending in the Illinois Supreme Court. In *Filkin,* the issue was whether a defendant charged with speeding, in violation of section 49 of the Uniform Act Regulating Traffic on Highways (par. 146, ch. 95½, Ill. Rev. Stat. 1967), had a right to a jury trial. The defendant had demanded and was denied a jury trial. The *Filkin* case was disposed of by the Supreme Court, so far as is here relevant, when the appeal was dismissed as no sentence was imposed. In its discussion of the issue of jury trial, the court said (268 N.E.2d at 377):

"He [Filkin] alleges here that he was denied his right to trial by jury which is assured by section 9 of article II of the Illinois constitution, S.H.A. and the sixth amendment to the United States constitution through the refusal of the magistrate and the circuit court to honor his demand for a jury trial. The State's response is that an accused does not have a constitutional right to a jury trial in a first or second traffic offense, where the offense charged is of minor gravity and the possible.

penalty is slight. It argues that, historically, the Supreme Court in its interpretation of the Federal constitution, has recognized that fundamental fairness does not require a trial by jury in a class of cases which society, as reflected by the penalty which may be imposed, regards as minor or petty. The State acknowledges that neither the language of our constitution nor of our statute, which implements the right to jury trial in criminal prosecutions, says that an accused charged with a petty or minor offense is not entitled to a jury trial, but an interpretation recognizing a petty offense exception is urged.

"Constitutional questions apart, it appears that there was a statutory right to trial by jury here (Ill. Rev. Stat. 1967, ch. 38, par. 103—6; ch. 38, par. 102—15 and ch. 95½, par. 234) but we cannot entertain the appeal from the finding of guilty by the magistrate, as no sentence was imposed. See *People v. Rose,* 43 Ill.2d 27, 278, 253 N.E.2d 456." The People, in their brief in this court, on the issue of jury trial, rely entirely upon the brief filed in the Supreme Court in *Filkin.* No contention is made as to any distinction between overweight and other offense punishable by fine only under the Uniform Act Regulating Traffic on Highways.

The opinion of the Supreme Court in *Filkin* was filed prior to the oral argument of this case. It was then urged that the quoted language was *dicta* and not a conclusive holding as to the right to jury trial for offenses as is here involved. It is technically true that such language, under the express holding, was *dicta.* We nonetheless consider it most persuasive. We hold that there was a statutory right to trial by jury in this case by reason of the statutory provisions as cited by the Supreme Court.

The decision of the trial court in this case was filed in the circuit court on May 19, 1970. One of the issues with reference to the violation of a permit was thereafter decided here in the case of *People v. Warrington* (4th Dist. 1970), 125 Ill.App.2d 370, 260 N.E.2d 764. We need not further discuss that issue in this opinion. We adhere to the views expressed in *Warrington.* For the reasons stated, the judgment of the Circuit Court of Sangamon County is reversed and this cause is remanded to that court for a new trial with directions to grant the defendants' motion for a jury trial.

Reversed and remanded with directions.

SMITH, P. J., and TRAPP, J., concur.