(No. 44209.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. KENNETH W. WOERLY, Appellant.

*Opinion filed January 28, 1972.*

HARRIS and HARRIS, of Macomb, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and HENRY D. SINTZENICH, State's Attorney, of Macomb, for the People.

MR. JUSTICE WARD delivered the opinion of the court:

Kenneth W. Woerly, the defendant, was fined $25 after his conviction of the offense of reckless driving (Ill.Rev.Stat. 1969, ch. 95½, par. 145) in a bench trial on February 12, 1971, in the circuit court of McDonough County.

He has appealed to this court, claiming that the trial court erred in denying him a trial by jury, to which, he says, he had a right under the Illinois constitution of 1870, which was in force at the time of his trial, and the constitution of the United States.

We judge it will be unnecessary to consider whether

the defendant had a constitutionally founded right to a jury trial, as he had a right by statute to trial by jury. In a resembling situation in *People ex rel. Filkin v. Flessner, 48 Ill.2d 54, 56,* where a defendant accused of speeding had claimed a constitutional right to a jury, we observed: "Constitutional questions apart, it appears that there was a statutory right to trial by jury here (Ill.Rev.Stat. 1967, ch. 38, par. 103–6, ch. 38, par. 102–15 and ch. 95½, par. 234) ***."

Section 103–6 of the Code of Criminal Procedure (Ill.Rev.Stat. 1969, ch. 38, par. 103–6) provides: "Every person accused of an offense shall have the right to a trial by jury unless understandingly waived by defendant in open court." "Offense" is defined in section 102–15 of the Code of Criminal Procedure (Ill.Rev.Stat. 1969, ch. 38, par. 102–15) as "a violation of any penal statute of this State." Section 137(a) of the Uniform Act Regulating Traffic on Highways (Ill.Rev.Stat. 1969, ch. 95½, par. 234) states: "It is a misdemeanor for any person to violate any provision of this Act unless such violation is by this Act or other law of this State declared to be a felony." Section 137(b) provides for penalties which range from a fine of not less than $10 nor more than $100, or imprisonment for not more than 10 days for a first conviction, to a fine of not less than $100 nor more than $500 or by imprisonment for not more than 6 months or both for a third or subsequent conviction under described circumstances.

The statute conferred a right to trial by jury and we need not consider the further question whether the defendant had this right under either or both constitutions.

The People acknowledge that a penal statute is involved but seeking to avoid the force of *People ex rel. Filkin v. Flessner, 48 Ill.2d 54,* contend that if there is seeming statutory authority for a trial by jury here, the legislature acted in violation of our constitution of 1870.

The People attempt to base this argument on section 5 of article II of that constitution which in part provided: "The right of trial by jury, as heretofore enjoyed, shall remain inviolate ***." It is said that this language limited the right to trial by jury as it existed at common law. *Brewster v. People, 183 Ill. 143,* and *Paulsen v. People, 195 Ill. 507,* are read, and mistakenly, we judge, to support the People's position.

When the drafters of the constitution of 1870 wrote in section 5 of article II that "The right of trial by jury as heretofore enjoyed, shall remain inviolate," they were using language identical with that used in the preceding constitutions of 1848 and 1818. The solicitude underlying section 5 and its predecessors was for the protection of the right to jury. Plainly it was designed to safeguard the right from violation or destruction; it was not to prevent the legislature from extending the right to further areas of litigation. As this court put it in *People v. Kelly, 347 Ill. 221, 224:* "The provision of our constitution that the right of trial by jury as heretofore enjoyed shall remain inviolate means that all substantial incidents and consequences which pertain to the right of trial by jury at common law are beyond the reach of hostile legislation and are preserved in their substantial extent as they existed at common law." And *Kelly* at page 229 observed: "Section 5 of article 2 of the constitution was not intended to render unchangeable every characteristic and detail of the common law system, but secured only such fundamental and essential elements of trial by jury as were necessary to secure and protect the liberties and rights of the individual. It is generally conceded that the framers of the constitution were intent upon preserving the rights of trial by jury primarily for the protection of the accused. *(People v. Fisher, 340 Ill. 250.)"*

The legislature did not offend the constitution of 1870 when it broadened the right to trial by jury.

Parenthetically, it is of interest to note that the men

and women who drafted the constitution of 1970 adopted precisely the language of section 5 of the 1870 document in preparing article I (Bill of Rights) of our new constitution.

For the reasons given, the judgment of the circuit court of McDonough County is reversed and the cause is remanded to that court for further proceedings in conformity with this opinion.

*Reversed and remanded.*