No. 3--05--0219
Filed February 10, 2006

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2006

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the Circuit Court ) of the 21st Judicial Circuit, ) Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) ) |
| v. | ) No. 04--TR--26004 ) |
| KARLTON S. HARRIS, | ) Honorable ) J. Scott Swaim, |
| Defendant-Appellant. | ) Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the opinion of the court:
_____

Defendant, Karlton S. Harris, was convicted by the trial court of failure to yield turning left (625 ILCS 5/11--902 (West 2004)).  The trial court sentenced Harris to 12 months' court supervision and ordered him to pay $159 in fines and court costs. Harris appeals pro se, arguing that he did not knowingly and intelligently waive his right to a jury trial.  We reverse and remand for further proceedings.

BACKGROUND

The evidence adduced at trial showed that on December 23, 2004, Harris was charged by uniform citation and complaint with the offense of failure to yield turning left (625 ILCS 5/11--902 (West 2004)).  Harris completed the back of the uniform citation

and complaint and mailed it to the trial court. On the back of the citation, Harris indicated that he intended to plead not guilty to the offense. By checking the appropriate box on the citation, he indicated that he desired to have a bench trial.

Harris represented himself pro se at the bench trial. The trial court found Harris guilty. The court later sentenced Harris to 12 months' supervision and $159 in fines and court costs.

Harris filed a motion for new trial. At the hearing on his motion, Harris argued that before he mailed the uniform citation and complaint to the court, he consulted a legal self-help book on the matter. He claimed that the book stated that a jury trial was not possible in traffic cases in Illinois. Thus, he checked the box on the back of the citation indicating that he wanted a bench trial. The trial court denied Harris' motion, finding that Harris knowingly waived his right to a jury trial by checking the box on the back of the citation marked "Trial by Judge," rather than the box marked "Trial by Jury."

Harris appeals his conviction and sentence.

ANALYSIS

On appeal, Harris seeks remand for a new trial on the basis that he did not understandingly waive his right to a jury trial in open court. Specifically, he argues that the trial court failed to admonish him as to his right to a jury trial before proceeding with the bench trial.

Initially, the State argues that Harris waived this issue on

2

appeal for failure to preserve it in the trial court.  Though Harris raised this issue in his motion for new trial, he failed to object to the bench trial.  However, a defendant's failure to question the validity of the jury waiver in the trial court, by both a timely objection and a posttrial motion, does not result in a forfeiture of the issue on appeal.  People v. Bracey, 213 Ill. 2d 265, 821 N.E.2d 253 (2004).  A criminal defendant has a fundamental right to a trial by jury, and the issue of whether that right has been violated may be considered under the plain error rule.  Bracey, 213 Ill. 2d 265, 821 N.E.2d 253.

On the merits, the State acknowledges that Harris had a statutory right to a trial by jury.  725 ILCS 5/103--6 (West 2004); People v. Flessner, 48 Ill. 2d 54, 268 N.E.2d 376 (1971); People v. Woerly, 50 Ill. 2d 327, 278 N.E.2d 787 (1972).  A defendant validly waives his right to a jury trial only if made (1) understandingly and (2) in open court.  725 ILCS 5/103--6 (West 2004); People v. Scott, 186 Ill. 2d 283, 710 N.E.2d 833 (1999); Woerly, 50 Ill. 2d 327, 278 N.E.2d 787 (court held that section 103--6 applies to traffic offenses).  It is the trial court's duty to ensure that a defendant's waiver of his right to a jury trial is made understandingly.  People v. Smith, 106 Ill. 2d 327, 478 N.E.2d 357 (1985).  However, the validity of a jury waiver cannot rest on any precise formula but, rather, depends on the facts and circumstances of each particular case.  In re R.A.B., 197 Ill. 2d 358, 757 N.E.2d 887 (2001).  Where, as in the instant case, the facts are not in dispute, the question of

3

whether a defendant validly waived his right to a jury trial is one of law subject to <u>de novo</u> review.  <u>R.A.B.</u>, 197 Ill. 2d 358, 757 N.E.2d 887.

In the instant case, the trial court did not question Harris about waiving his right to a jury trial.  Harris simply answered "Yes, sir" to the question of whether he was ready for trial.  At the hearing on Harris' motion for new trial, the trial court found that by marking the box labeled "Trial by Judge," rather than the box labeled "Trial by Jury," Harris validly waived his right to a jury trial.  Thus, the issue before us is whether, by selecting a bench trial on the back of the uniform citation, Harris made an understanding waiver of his right to a jury trial in open court.  This issue appears to be one of first impression in Illinois.

Supreme Court Rule 505 is the source of the language printed on the back of the uniform citation and complaint.  166 Ill. 2d R. 505.  Rule 505 provides for an expeditious disposition of charges brought by uniform citation and complaint.  <u>People v. Nelson</u>, 18 Ill. App. 3d 628, 310 N.E.2d 174 (1974).  The Rule promotes efficient administration of justice for the court and convenience for the accused, who may reside some distance away, by avoiding multiple court appearances.  <u>Nelson</u>, 18 Ill. App. 3d 628, 310 N.E.2d 174.  It also promotes efficiency for law enforcement agencies by preserving freshness of evidence and memory of the arresting officer.  <u>People v. Mears</u>, 84 Ill. App. 3d 265, 405 N.E.2d 443 (1980).  However, we find nothing in the

Rule that states that a defendant's completion of the back of the uniform citation to request a bench trial serves as a substitute for that defendant's understanding waiver of his right to a jury trial in open court.

We recognize that the efficient process of traffic offenses is necessary to do justice. We also understand the State's concern about allowing a defendant to complain about the deprivation of his right to a jury trial after he stood by silently and participated in a bench trial, which resulted in a conviction. Defendants should not be allowed to gamble on the outcome. People v. Novotny, 41 Ill. 2d 401, 244 N.E.2d 182 (1968). However, our research into statutory and case law on this issue did not reveal any exception to the jury waiver rule for traffic offenses. Harris did not make any statement in court about whether he understood his right to a jury trial and chose to waive that right. Therefore, we hold that Harris did not understandingly waive his right to a jury trial in open court.

CONCLUSION

For the reasons stated, we reverse the judgment of the circuit court of Kankakee County and remand the cause for further proceedings.

Reversed and remanded.

HOLDRIDGE and MCDADE, JJ., concurring.