(No. 11657.—Decree affirmed.)

WILLIAM E. FISHER, Plaintiff in Error, *vs.* CHARLES A. BURKS *et al.* Defendants in Error.

*Opinion filed October 21, 1918—Rehearing denied Dec. 4, 1918.*

1. PRACTICE—*Supreme Court on remanding a cause may direct what decree shall be entered.* The Supreme Court may, by express directions or by its determination of the merits of the case, limit the power of the chancellor, upon remandment, to the entry of a specific, proper decree.

2. SAME—*the mandate is the judgment of the Supreme Court transmitted to the lower court.* The mandate of the Supreme Court is the judgment transmitted to the lower court, and when the direction of the mandate is precise and unambiguous it is the duty of the lower court to carry it into execution.

3. SAME—*when court cannot do otherwise than dismiss a bill.* Where a decree granting the relief prayed in a bill asking for a re-conveyance of the lands involved in a trade is reversed by the Supreme Court on its merits and the cause is remanded with a mandate, certified by the clerk, directing the trial court to dismiss the bill, the trial court must obey the mandate, and its action in dismissing the bill and refusing leave to file an amended and supplemental bill is proper.

4. SAME—*mandate controls in case it differs from opinion.* If the mandate of the Supreme Court is plain and specific it must be followed even though it does not appear to be warranted by the language of the opinion.

5. CONTRACTS—*when party to land trade cannot obtain relief in equity.* A party to a land trade who has voluntarily sold the land obtained by him, even though because of financial necessity, can not maintain a bill in equity to compel a re-conveyance by the other party to the contract or for a recovery of money damages as ancillary relief.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding.

L. R. HERRICK, W. G. CLOYD, HUGH CREA, HUGH W. HOUSUM, and FRED HAMILTON, for plaintiff in error.

CHARLES C. LEFORGEE, GEORGE W. BLACK, and THOS. W. SAMUELS, for defendants in error.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error, William E. Fisher, filed a bill in the circuit court of Macon county against defendants in error, Charles A. Burks and Edith R. Burks, husband and wife, for a re-conveyance of certain lands under an agreement. The cause was referred to the master in chancery, who heard the evidence and reported his conclusions of law and fact and recommended that the bill be dismissed for want of equity. The court overruled the master's report and entered a decree granting the relief prayed in the bill and ordered a conveyance by defendants in error to plaintiff in error. Defendants in error sued out a writ of error from this court to review that decree, and this court at the October term, 1916, rendered its decision in the case, wherein the facts are fully stated. (*Fisher* v. *Burks,* 274 Ill. 363.) An examination of the opinion in that case discloses that this court held that the statements proven which were relied on by the plaintiff in error as misrepresentations and fraudulent on the part of Charles A. Burks are in the nature of expressions of opinion rather than statements of facts, and that such statements are not fraudulent misrepresentations which will avoid the contract. It was also held that there were no allegations of fraud and misrepresentations in the bill, and that no recovery can be had on the bill for fraudulent misrepresentations. It was further held that the decree could not be sustained for inadequacy of consideration. The other questions involved were not considered or decided by this court for the reasons assigned in its opinion, which concludes with this sentence: "The decree of the circuit court will be reversed and the cause remanded." Thereafter the cause was re-docketed in the trial court upon a mandate of this court filed therein and dated Janu-

ary 10, 1917, which contained the following remanding order: "Therefore it is considered by the court that for that error and others in the record and proceedings aforesaid the decree of the circuit court of Macon county in this behalf rendered be reversed, annulled, set aside and wholly for nothing esteemed and this cause be remanded to the circuit court of Macon county, with directions to dismiss the bill for want of equity." On remandment plaintiff in error asked leave to file an amended and supplemental bill, alleging, in substance, in addition to the averments of the original bill, fraud and misrepresentations in the execution of the contract and also in relation to the value of the Lee county land involved and as to the value of the rents thereof, and further, that defendant in error Charles A. Burks falsely represented that the mortgagees had agreed to extend the time of payment of the notes for a period of one year, and the mortgage securing the same, which plaintiff in error had assumed. The amended bill further represented that plaintiff in error, owing to financial stringency, had been compelled to part with his equity in the Lee county land, and that since the filing of the original bill he had sold said land and received therefor the sum of $7200. The prayer of the amended bill was that a deed to the Mississippi land from Charles A. Burks to Edith R. Burks be held null and void as to plaintiff in error; that Edith R. Burks be decreed to be the holder of the title to the Mississippi land in trust for Charles A. Burks; that defendants in error be decreed to convey to plaintiff in error the Mississippi land; that Charles A. Burks be decreed to pay him $3100, with all other expenditures made by plaintiff in error in attempting to secure an enforcement of the contract to re-convey. Plaintiff in error offered in his bill to bring into court the $7200 received by him for the Lee county land and prayed that Burks be decreed to accept the same in lieu of the land so sold. The circuit court denied leave to plaintiff in error to file the amended and supplemental bill and dismissed his

bill for want of equity. This writ of error is prosecuted to review that decree of the circuit court.

It will only be necessary or proper to consider one of the errors assigned on this record by the plaintiff in error, namely, that the court erred in refusing leave to file the amended and supplemental bill. The other assignments of error go merely to the merits of the case as previously passed upon by this court, and seek to raise questions which have been heretofore disposed of by this court or questions which could only have been decided by the lower court upon new issues raised by the amended and supplemental bill on the supposition that it was properly filed.

There are two manifest reasons for affirming the decree of the trial court dismissing the bill for want of equity. In the first place, the decree is in accordance with the specific directions of the mandate of this court aforesaid. It is true that the opinion filed and published on the former review of this cause contained words indicating a general remandment, and in such a case the general rule is that the pleadings may be amended upon the re-docketing of the case in the lower court. (*City of Lincoln* v. *Harts*, 270 Ill. 646.) This court may, by express directions or by its determination of the merits of the case, limit the power of the chancellor, upon remandment, to the entry of a specific, proper and correct decree. (*Crumbaugh* v. *Owen*, 232 Ill. 191.) In this case the mandate certified by the clerk gave specific directions to the trial court to dismiss the bill for want of equity. It was the duty of the chancellor to follow and obey that mandate. The mandate is the judgment of this court transmitted to the circuit court. Where the direction contained in it is precise and unambiguous, it is the duty of the trial court to carry it into execution and not to look elsewhere for authority to change its meaning or direction. (4 Corpus Juris, 1212; *West* v. *Brasher*, (U. S.) 10 L. ed. 350.) It is the mandate of the court of review, and not its opinion, that governs, when the mandate differs from the

opinion or is specific and plain in its terms. The former opinion of this court is on the merits, according to the showing made by the mandate of this court. If the mandate was not in accordance with the judgment of this court it was up to the plaintiff in error to show by the judgment of this court that it was erroneous and to have a proper mandate issued, as the lower court could not take judicial notice of the judgment of this court. On receipt of the mandate and opinion of this court the lower court was bound to carry into complete effect the decision of this court and not to re-try the cause or place defendants in error in a position by which the cause might be re-tried. The dismissal of the bill for want of equity was the only proper thing that the lower court could do under the mandate before it. *Blackaby* v. *Blackaby,* 189 Ill. 342; *Railway Equipment Co.* v. *Brake-Beam Co.* 239 id. 111.

The amended and supplemental bill tendered by plaintiff in error showed by specific averments that he had parted with the property he had received under the contract and which it was necessary for him to re-convey before he could compel a re-conveyance by defendants in error. Having voluntarily transferred all his interest in the Lee county land before final disposition of the suit plaintiff in error disarmed himself entirely of the right to have any decree rendered in his favor in this case. (*Smith* v. *Brittenham,* 109 Ill. 540.) If one of the parties to a contract is not both willing and able to perform his part of the contract by re-conveyance he cannot have the contract rescinded and a re-conveyance by the other party. The rule is the same in a bill for specific performance. He cannot compel specific performance where he cannot specifically perform his part of the contract. *Stackpole* v. *Schmucker,* 225 Ill. 502; *Bollnow* v. *Novacek,* 184 id. 463.

Plaintiff in error insisted in his amended and supplemental bill that he is entitled to money damages. Such damages might have been allowable in the first instance

under the original bill for specific performance if proper allegations and proof had been made. However, after he had conveyed the Lee county land plaintiff in error was no longer, in any view of the case, entitled to a rescission of the contract and a re-conveyance, or to a specific performance of the latter part of his contract, by reason of the fact that he had conveyed the Lee county land and thereby put it out of his power to place defendants in error *in statu quo* as to the Lee county land. While in some cases money damages may be awarded on a bill for re-conveyance or for specific performance as incidental or ancillary relief, yet no such damages are allowable in any case unless the complainant shows that he was entitled to the original and equitable relief sought in the bill or supplemental bill at the time he filed the same. Where, at the time of the filing of the bill or supplemental bill, he knows that a re-conveyance can not be made by both parties or specific performance cannot be made by both parties, the complainant in the bill or supplemental bill cannot maintain such a bill, even to the extent of recovery of money damages, as incidental or ancillary relief. (*Farson* v. *Fogg,* 205 Ill. 326.) Plaintiff in error knew at the time he filed the supplemental bill that he had divested himself of the right to have a re-conveyance by defendants in error or specific performance by them of the secondary part of the original contract, by reason of the fact of his conveyance of the Lee county land previous to his filing of that bill. The fact that his financial straits necessitated a conveyance is no sufficient excuse or reason for the court to depart from the foregoing rule. It was purely a voluntary conveyance on his part, and thereafter his only remedy was at law for money damages, if any he had.

The decree of the circuit court is right and in accordance with the mandate of this court, and it is affirmed.

*Decree affirmed.*