(No. 13257.—Writ awarded.)

THE PEOPLE *ex rel.* Anna D. Olson, Petitioner, *vs.* KICK-
HAM SCANLAN, Judge, Respondent.

*Opinion filed June 16, 1920—Rehearing denied October 8, 1920.*

1. APPEALS AND ERRORS—*trial court must obey mandate of court
of review.* Where the mandate of a court of review gives specific
directions for the entry of an order or decree it is the duty of the
trial court to follow and obey the mandate and not the opinion of
the Appellate Court, but where the mandate directs the entry of a
decree in accordance with the views expressed in the opinion the
lower court may look to the opinion to ascertain the views expressed
and conform its action to the directions given in the mandate.

2. MANDAMUS—*what may be determined by Supreme Court on
petition to compel trial court to obey mandate of Appellate Court.*
Where the Appellate Court, in a proceeding which it has jurisdic-
tion to review, directs the trial court to enter an order or decree
in accordance with the views expressed in the Appellate Court's
opinion, the Supreme Court, on an original petition for *mandamus*
to compel the trial court to enter a certain decree, cannot inquire
into the correctness of the Appellate Court's decision but can only
determine whether the mandate of the Appellate Court requires the
entry of such decree.

3. SAME—*when the trial court must enter decree without trial
de novo.* Where a decree dismissing a bill for divorce on complain-
ants' evidence, alone, is reversed and the cause is remanded, "with
directions to enter a decree in accordance with the views expressed
in the opinion" of the Appellate Court, which recites that "the evi-
dence, uncontradicted, entitled the complainant to a decree of di-
vorce and the other relief which she prayed," the trial court must,
without a trial *de novo,* enter a decree granting the relief prayed in
the bill though it includes a conveyance of property to complainant.

THOMPSON, J., dissenting.

ORIGINAL petition for *mandamus.*

A. G. DICUS, for petitioner.

JULIAN C. RYER, (CHARLES A. WILLIAMS, of counsel,)
for respondent.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an original proceeding in this court by a petition of Anna D. Olson against Kickham Scanlan, one of the circuit judges of Cook county, for a writ of *mandamus* directing the respondent, as such judge of the circuit court, to enter a certain decree in the case of Anna D. Olson *vs.* John G. Olson.

The facts disclosed by the petition and answer are substantially as follows: The petitioner is a resident of Cook county, Illinois, and on the 21st of August, 1915, she filed her bill of complaint in the circuit court of Cook county against her husband, John G. Olson, charging him with acts of extreme and repeated cruelty toward her, and alleging that she and her husband were the owners in joint tenancy of a certain lot in the city of Chicago described, and that she owned in her own name a part of another lot described which is vacant property. The bill further alleged that all of said property had been accumulated as a result of her savings; that she had worked continuously ever since she was married to defendant, had earned large sums of money and had earned the board of herself and husband a large portion of the time. The bill prayed for a divorce, the custody of their daughter, and that defendant be compelled to convey to complainant the property in their joint names, and that he be forever barred of dower and other right in and to said property. Defendant was served and answered the bill denying its material allegations. After answer filed the bill was amended by charging defendant with habitual drunkenness for more than two years. No further answer was filed, and the cause was heard on the bill as amended, the answer of defendant, replication thereto and proofs offered by the complainant. She testified in her own behalf and introduced the testimony of eight witnesses. At the conclusion of the complainant's evidence defendant offered no testimony but moved to dismiss the bill for want of

294 — 5

equity, which motion was allowed and a decree entered dismissing the bill. A certificate of evidence was signed and filed and the case was taken by writ of error to the Appellate Court for review. Defendant did not appear in that court to defend the writ of error. The Appellate Court reversed the decree of the circuit court. After referring in its opinion to the testimony on the issues of drunkenness and extreme and repeated cruelty the court said: "This evidence, uncontradicted, entitled the complainant to a decree of divorce and the other relief which she prayed." The cause was remanded to the circuit court "for further proceedings consistent with the views herein expressed." By its judgment the Appellate Court reversed, annulled and set aside the decree and remanded the case to the circuit court, "with directions to enter a decree in accordance with the views expressed in the opinion of this court this day filed herein." After due notice the judgment and mandate of the Appellate Court were filed in the circuit court and the cause re-docketed therein, and petitioner, Anna D. Olson, asked and demanded that the presiding judge, who was not the judge who dismissed the bill, enter a decree which was presented to the court for his approval. The decree presented recited that the case came on to be heard on bill, answer, replication and the evidence theretofore heard, the same being contained in a certificate of evidence on file in the court, and granted complainant a divorce on the grounds of extreme and repeated cruelty and drunkenness, gave her the custody of the child, and ordered defendant to convey to complainant, by good and sufficient deed, the real estate they owned jointly and also the part of a lot which the bill alleged complainant owned, and further ordered that defendant be forever barred of all dower or other right or interest in the property, which was decreed to be the sole property of complainant. The defendant objected to the entry of the decree on the ground that he was ready and able to produce testimony to disprove all the allegations

of the bill and to establish that he was not guilty of any of the charges alleged against him, and to further prove that the real estate owned by complainant and defendant jointly was the result, alone, of the earnings and accumulations of defendant, who claimed he earned from $200 to $400 a month, all of which he turned over to complainant. Respondent refused to enter said decree and ordered the case set down on the trial calendar, to be tried *de novo.* The petition prays that respondent be ordered by writ of *mandamus* to enter the decree presented.

There is no dispute as to the material facts alleged. The answer of respondent to the petition raised only questions of law, and petitioner demurred to the answer and the case was submitted on demurrer and briefs of the respective parties.

The issue of law raised is as to the effect of the judgment of the Appellate Court. Petitioner contends that it required the circuit court to enter a specific decree of the character presented to respondent without any further hearing, and that under the mandate of the Appellate Court respondent had no discretion to do anything else. Respondent denies the mandate can properly be given any such construction or effect, and that in refusing to enter the decree and in placing the case on the trial calendar for a trial *de novo* he was exercising his judicial powers in a lawful manner. It is the duty of the lower court to follow and obey the mandate of a court of review which gives specific directions for the entry of an order or decree. It is the mandate that governs and not the opinion, and where the mandate gives precise and unambiguous directions they must be obeyed. When, as here, the mandate directs the entry of a decree in accordance with the views expressed in the opinion the court may look to the opinion to ascertain the views expressed, but the court must conform its action to the directions given in the mandate. *Fisher* v. *Burks,* 285 Ill. 290; *Prentice* v. *Crane,* 240 id. 250.

By leave of court the respondent has filed here the brief and abstract of petitioner filed in the Appellate Court. The brief does not refer to the property questions but argues the trial court erred in not granting a decree on the charge of drunkenness. The question of the property is not referred to by the Appellate Court in its opinion, and it is argued by respondent that the Appellate Court could not have meant that petitioner, in addition to a divorce, was also entitled to the property. This argument may show good reasons why the Appellate Court should not have directed the entry of a decree granting that relief, but we can only determine whether that court did, in fact, enter such mandate. Whether the decision was erroneous or not we cannot inquire into, for the court had jurisdiction of the subject matter and of the parties. Its decision, therefore, was not void. If it was erroneous, petitioner's husband had his remedy by petition for rehearing or modification of the judgment or by petition to this court for *certiorari,* neither of which remedies did he attempt to avail himself of. The language of the judgment and mandate of the Appellate Court is, that the decree "be reversed, annulled, set aside and that this cause be remanded to the circuit court of Cook county, with directions to enter a decree in accordance with the views expressed in the opinion of this court this day filed." In its opinion the court said, after summarizing the evidence on the charge of cruelty and drunkenness, "This evidence, uncontradicted, entitled the complainant to a decree of divorce and the other relief which she prayed," and concluded by reversing the decree and remanding the cause "for further proceedings consistent with the views herein expressed." The mandate did not direct the circuit court to try the case *de novo* but plainly and specifically directed it to enter a decree in accordance with the views expressed in the Appellate Court's opinion. The views expressed in that opinion were that petitioner was

entitled to a decree for divorce "and the other relief which she prayed." To our minds the directions were unambiguous and specific and left the lower court no discretion to do anything except enter the decree directed.

We do not see how the judgment and mandate of the Appellate Court can be construed as authorizing a trial *de novo.* Such a construction would be contrary to the plain language of the mandate. Much less specific directions were held in *Prentice* v. *Crane, supra,* to require the court below to refuse to re-hear the case and enter a decree as directed by the mandate of this court. If an injustice is done petitioner's husband he has only himself to blame. On the trial of the cause in the circuit court he chose to offer no testimony but to submit the case on the complainant's evidence. (*Koebel* v. *Doyle,* 256 Ill. 610.) He did not appear and defend the decree dismissing the bill when the decree was brought before the Appellate Court for review, nor did he, after the decree was reversed by the Appellate Court, ask a rehearing or modification of the judgment or to have it reviewed by this court. The situation which now confronts him is the result of his own conduct.

In our view the mandate of the Appellate Court did not permit of the exercise of judicial discretion by the respondent and another trial but required the entry of a decree in accordance with its directions. It is not claimed, if that view be correct, that the decree presented to respondent by petitioner is incorrect.

The peremptory writ of *mandamus* will therefore be awarded, commanding respondent to enter the decree.

*Writ awarded.*

Mr. JUSTICE THOMPSON, dissenting.