(No. 26187.—■■■■■■■■)

THE PEOPLE *ex rel.* Homer D. McLaren, Petitioner, *vs.*
BENJAMIN S. DEBOICE, Acting Judge of the County
Court, Respondent.

*Opinion filed Sept. 15, 1941—Rehearing denied November 18, 1941.*

HOMER D. McLAREN, *pro se,* petitioner.

A. H. GREENING, State's Attorney, and PAUL WAN-
LESS, for respondent.

Mr. JUSTICE FARTHING delivered the opinion of the
court:

We allowed the motion for leave to file a *mandamus*
petition in this case. The respondent, Benjamin S. DeBoice,
acting judge of the county court of Sangamon county,
Illinois, moved to dismiss, and his motion is treated as a
demurrer.

By the decision of this court in *Barlick* v. *Kunz,* 375
Ill. 318, it was held that the two candidates for the office
of highway commissioner of the township of Springfield
received 1580 votes each. The case was remanded with

directions to the trial court to require the two parties to decide by lot, conformably to the directions of the court, which of them should be declared elected to the office named. Section 11 of article 7 of the Township Organization law (Ill. Rev. Stat. 1939, chap. 139, par. 70) requires that where two or more persons are candidates for a township office, and "shall have an equal number of votes for the same office, the question of which shall be entitled to the office shall be decided between such persons by lot, under the direction of the town clerk, but he shall give each party notice of the time and place of drawing lots." This section applies to the situation that exists immediately after the election of a township officer when it appears that two or more candidates received the same number of votes for a single office. Section 120 of the Election law (Ill. Rev. Stat. 1939, chap. 46, par. 123, p. 1429) provides: "If it appears that two or more persons have, or would have had if the legal ballots cast or intended to be cast for them had been counted, the highest and an equal number of votes for the same office, the persons receiving such votes shall decide by lot, in such manner as the court shall direct, which of them shall be declared duly elected; and the judgment shall be entered accordingly."

This court's mandate in this election contest suit was filed in the county court of Sangamon county on February 18, 1941. The next day Barlick's counsel moved the court to re-instate said cause. The court heard testimony of John E. Murphy to the effect that William (Bill) Kunz, Jr., the contestee, had died on February 17, 1941. Homer D. McLaren had been counsel for Kunz and on February 19, 1941, Barlick's counsel contended McLaren could not be heard because his client had died. The court permitted McLaren to argue and it was his contention then that the cause should be returned to this court by some means or other, and that we should amend our order directing a drawing of lots.

On February 19, 1941, respondent herein entered a judgment in which he said that it was impossible to conform to the mandate of this court because of Kunz's death. He ordered the election contest proceeding reinstated on the docket of the county court and declared Frank Barlick elected. The next day McLaren, as an elector of Springfield township, intervened pursuant to section 22a of the Abatement act, (Ill. Rev. Stat. 1939, chap. 1, par. 22a,) moved to vacate the judgment entered by respondent February 19, 1941, and asked that the election contest proceed to final judgment in compliance with the mandate of this court. This motion was overruled and respondent castigated McLaren for changing his position from that taken on February 19, 1941.

The section just referred to, on which McLaren relied, provides: "No election contest shall abate on account of the death of any contestee in such contest. Upon the suggestion of the death of any contestee by the contestant at any time before final judgment, within five days thereafter any elector of the State or political subdivision thereof for which the contestee was declared to be nominated or elected, may appear and intervene in such proceeding, or in case no elector appears within such five days, the court shall appoint such an elector to appear and intervene in such proceeding, and defend the same and thereupon the court shall proceed to final judgment."

This section was involved in *McKinley* v. *McIntyre*, 360 Ill. 382, where we held that although formerly the death of a contestee abated an election contest proceeding (*People* v. *Taylor*, 342 Ill. 88) section 22a required the intervention of an elector, or the appointment of one by the court, and that the election contest proceed to final judgment.

Respondent contends that if section 120 of the Election law is construed correctly it applies only to an election contest at the close of which both parties are living and

are found to have received an equal number of votes for the same office. In his "Points and Authorities," but not in his argument, respondent says: "The Town Board of Appointment would fill any vacancy, therefore, under section 129, chapter 46, Elections, Smith-Hurd Ann. Stat. The Board is the only authority which could declare a vacancy."

In the first point of his argument respondent contends since the relator did not appeal from the order denying him leave to intervene, the only issue to be determined here is whether the part of his judgment declaring Barlick elected is void and should be expunged. He then says that under the facts and issues it is clear that this court cannot direct respondent to enter a judgment.

Under point two of his argument, respondent contends, in substance, that the merits of the election contest were decided by this court; that nothing remained for the trial court except to find that both candidates received the same number of votes; that there was no further contest; that nothing remained to defend; that the determination as to who was elected was left to chance or luck, namely a casting of lots; that this part of this court's mandate was subject to the condition precedent that both candidates survive and that since section 120 required the court to declare who won the contest and was elected, the respondent was without authority under this section to appoint anyone to represent Kunz, the deceased party, and he could only declare Barlick elected. He also says that if section 120 is properly construed there is nothing to defend within the meaning of section 22a of the Abatement act.

In the third point he again argues that there is an implied condition precedent that both parties to the contest shall be living, if a casting of lots is required to determine the result of the election, and that the proper construction of section 120 of the Election law is that if either party, by death, becomes barred from engaging in the casting of

lots, the remaining party must be declared elected. Respondent said this section was added because, prior to its adoption, if a tie resulted the election was void, and here, if a proxy was appointed for Kunz after Kunz died, and Barlick lost when the die was cast, the election would have to be declared void with the result that a special election would have to be called or the vacancy be filled by appointment. He concludes by saying that the General Assembly showed, by adopting section 120, that it did not intend to permit a void election to result under the facts before us as he says would have been the case prior to the adoption of that section.

In *People* v. *Taylor, supra,* which was decided before the enactment of section 22a of the Abatement act, the Republican candidate for the nomination for State Senator who received the highest number of votes at the primary election, died. This court issued a writ of *mandamus* directing the respondent Taylor to expunge an order entered without jurisdiction and power by which he had declared nominated the Republican candidate who had received the second highest number of votes at that primary election. We there recognized the right of the proper party committee to make a nomination and held that the judgment was void for want of jurisdiction and power on the part of the respondent Taylor. In *Wilson* v. *Fisher,* 369 Ill. 538, 541, we held the trial court has a positive duty to enter the order or decree in accordance with the directions given by the reviewing court and that its mandate binds the trial court. See, also, *People* v. *DeYoung,* 298 Ill. 380; *Fisher* v. *Burks,* 285 id. 290, and *Prentice* v. *Crane,* 240 id. 250.

Although the respondent had jurisdiction of the class of cases and of the parties under section 22a and our holding in *McKinley* v. *McIntyre, supra,* he was bound to either permit an elector to intervene within five days from the suggestion of the death of contestee Kunz, or to appoint

an elector from Springfield township at the end of five days; to decide the tie by casting lots and to render a final judgment in accordance with the result that ensued. This would have conformed to the mandate of this court.

He was wanting in jurisdiction because he had no power whatever to render the judgment sought to be expunged. He would have complied with the mandate of this court had he, when the death of Kunz was shown, continued the case for five days to permit an elector of Springfield township to ask to be appointed, or failing such petition being filed, by making such appointment of such elector of that township after five days. He then should have proceeded to decide the tie vote as required by the statutes quoted above. His contentions and arguments are without merit. Election contest proceedings are purely statutory and the statutes must be followed and complied with by the parties and the court. Mandates of this court are not to be treated lightly but are to be obeyed. They are the law of the case. Respondent lacked any power whatever to declare Barlick elected.

The writ of *mandamus* is awarded as prayed, and respondent is directed to expunge the order of February 19, 1941.