(No. 28500.—
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ONAL RAWLS, Plaintiff in Error.

*Opinion filed May 23, 1945—Rehearing denied September 13, 1945.*

ONAL RAWLS, *pro se.*

GEORGE F. BARRETT, Attorney General, and ROY P. HULL, State's Attorney, (C. E. McNEMAR, of counsel,) both of Peoria, for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

January 15, 1942, the defendant, Onal Rawls, and three others were indicted in the circuit court of Peoria county for the crimes of burglary and larceny. March 12, 1942, notwithstanding admonition by the trial court as to the consequences of their action, defendant and one of his codefendants, both of whom were represented by counsel, pleaded guilty to the third count charging the larceny of $530.78 belonging to Keig-Stevens Baking Company. Each was thereupon sentenced to an indeterminate term of from one to ten years' imprisonment in the penitentiary. The judgment order recites, in part: "And now the court

having heard evidence in mitigation and aggravation of the offense, makes no advisory recommendation herein other than the minimum and maximum durations as prescribed by law." Defendant, alone, prosecutes this writ of error. He appears *pro se*. No bill of exceptions has been filed.

In his reply brief, defendant concedes the inapplicability of seven of the eight assignments of error argued in his original brief. To obtain a reversal, he now relies solely upon the alleged illegality of the sentence, insisting that the inclusion of an advisory recommendation as to minimum and maximum limits or duration of imprisonment rendered the judgment void and that, upon the authority of *People* v. *Montana*, 380 Ill. 596, he is entitled to be resentenced, in accordance with the Sentence and Parole Act as it obtained prior to the amendments of 1941. Defendant concedes, as he must, the validity of the general sentence of imprisonment from one to ten years as being in conformity with the provisions of the Sentence and Parole Act as they existed prior to the 1941 amendments. (*People ex rel. Barrett* v. *Sbarbaro*, 386 Ill. 581.) The minimum and maximum limits of imprisonment, contained in the so-called advisory recommendation, coincide with the penalty prescribed by law for the crime of grand larceny, of which defendant was convicted. (Ill. Rev. Stat. 1943, chap. 38, par. 389.) Under these circumstances, it becomes unnecessary to remand the cause, with directions to enter a proper sentence (*People* v. *Lantz*, 387 Ill. 72,) for the adequate reason that no other or different sentence could be imposed upon defendant if the cause were remanded.

The judgment of the circuit court of Peoria county is affirmed.

*Judgment affirmed.*