(No. 28401.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. EDWARD PULFREY, Plaintiff in Error.

*Opinion filed May 23, 1945.*

EDWARD PULFREY, *pro se.*

GEORGE F. BARRETT, Attorney General, and ROBERT J. ELLIS, State's Attorney, of Freeport, for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

On June 15, 1943, plaintiff in error pleaded guilty in the circuit court of Stephenson county to an indictment that charged him with the crime of forgery. He was committed to the Illinois penitentiary for a term of not less than one nor more than fourteen years. He has sued a writ of error out of this court and assigns error on the judgment. The case is submitted on the common-law record and the single error assigned is that the judgment does not contain an advisory recommendation of the trial court fixing the minimum and maximum limits of the term of imprisonment.

In 1941, the General Assembly amended section 2 and other sections of the Sentence and Parole Act. Section 2, as amended, provided that when a defendant was convicted

of certain offenses (which included the crime of forgery) the sentence or commitment to the penitentiary should be a general indeterminate sentence of imprisonment of not less than the minimum nor greater than the maximum provided by law for such offense, and that the court should, in each case, make an advisory recommendation of the minimum and maximum limits of such imprisonment. (Laws of 1941, p. 562.) The act as amended became effective July 1, 1941. In *People* v. *Montana,* 380 Ill. 596, said section 2 and a part of the other sections included in the amendment were held unconstitutional. A rehearing was denied in this case November 11, 1942.

In the *Montana case* it was held that inasmuch as section 2 and certain other sections of the amendatory act were unconstitutional, it followed that persons thereafter convicted of crime should be sentenced in accordance with the Sentence and Parole Act as it existed prior to the 1941 amendment. The law, prior to the 1941 amendment, did not contain any provision for an advisory recommendation of the trial court as to a minimum or maximum sentence. The next amendment of the statute was in 1943, which latter amendment became effective July 1 of that year. When plaintiff in error was sentenced to the penitentiary on June 15, 1943, the statute as amended in that year had not become effective and, therefore, plaintiff in error was properly sentenced under the law as it existed prior to the 1941 amendment. As stated, there was no provision in that statute for an advisory recommendation of the minimum and maximum limits of such imprisonment.

The judgment is correct and is affirmed.

*Judgment affirmed.*