(No. 28704.—■)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH PANCZKO, Plaintiff in Error.

*Opinion filed May 23, 1945.*

JOSEPH PANCZKO, *pro se.*

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, JOSEPH A. POPE, and C. D. PEMBERTON, all of Chicago, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

May 13, 1942, Joseph Panczko and Walter Jedyenak were convicted in the criminal court of Cook county of the crime of burglary. They were sentenced to imprisonment in the penitentiary for indeterminate terms of from one year to life. The trial judge made advisory recommendations that the minimum and maximum limits of their imprisonment be not less than two and not more than five years. Both defendants prosecuted a writ of error, and, upon a review of the record, this court decided that they had been legally convicted. (*People* v. *Panczko,* 381 Ill. 625.) Upon the authority of *People* v. *Montana,* 380 Ill. 596, we held that the advisory opinion or recommendation incorporated in the judgments sentencing the defendants to the penitentiary was void. Accordingly, the judgments of the criminal court were reversed and the cause remanded, with directions to enter proper sentences. Thereafter, on February 10, 1943, in conformity with the directions and mandate of this court, the criminal court of Cook county sentenced Panczko to the penitentiary for a term of from one year to life, the punishment prescribed by section 36 of division I of the Criminal Code (Ill. Rev. Stat. 1943, chap. 38, par. 84,) for the crime of burglary. Panczko prosecutes the present writ of error, seeking a reversal of the judgment of February 10, 1943, and a remandment to the criminal court, with directions to sentence him conformably to section 2 of the Sentence and Parole

Act, as amended by an act approved June 2 and effective July 1, 1943. Ill. Rev. Stat. 1943, chap. 38, par. 802.

Since the amendments of 1941 to sections 2, 3, 7 and 7a, and section 3a added to an act to revise the law in relation to the sentencing and commitment of persons convicted of crime, were unconstitutional, it follows necessarily that the Sentence and Parole Act as it obtained prior to the amendments of 1941 afforded the sole guide to be followed in sentencing prisoners convicted of crime prior to the day the amendments of 1943 became effective. (*People ex rel. Barrett* v. *Sbarbaro,* 386 Ill. 581.) February 10, 1943, when defendant was resentenced pursuant to the mandate of this court, the trial court had no alternative but to sentence him to an indeterminate term of from one year to life, the penalty for burglary. Since July 1, 1943, the courts of this State, in imposing a sentence to the penitentiary for the crime of burglary, are empowered to fix minimum and maximum limits or duration of imprisonment, and the constitutional validity of the amendments to sections 2 and 3 of the Sentence and Parole Act has been sustained. (*People* v. *Roche,* 389 Ill. 361.) Although section 2, as amended in 1943, had not been enacted by the General Assembly when defendant was sentenced on February 10, 1943, he nevertheless claims the benefit of its ameliorative provisions. A statute will be presumed to operate prospectively, only, and will not be construed to have retroactive operation unless the language employed is so clear that it will admit of no other construction. (*People ex rel. Kerner* v. *McKinley,* 371 Ill. 190; *People ex rel. Carlstrom* v. *David,* 336 Ill. 353; *Havill* v. *Havill,* 332 Ill. 11.) Section 4 of the act in relation to the construction of statutes (Ill. Rev. Stat. 1943, chap. 131, par. 4,) does not aid defendant. So far as relevant, this section ordains: "No new law shall be construed to repeal a former law, whether such former law is expressly repealed

or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect." Defendant was duly sentenced to the penitentiary for an indeterminate term of from one year to life, conformably to the applicable statute on February 10, 1943. Recourse to the amendment to the Sentence and Parole Act, effective July 1, 1943, fails to disclose any legislative intent to reduce or in any way change the sentences of persons already convicted and sentenced for such crimes as burglary. Section 4 of the act in relation to the construction of statutes which gives to the party affected the benefit of a new law where he consents to its application, in plain and unambiguous language, limits the election to judgments entered after the new law takes effect and has no application to a judgment entered, as here, prior to its effective date. Section 2 of the Sentence and Parole Act, as amended in 1943, does not purport to be retroactive, and it must be held to be prospective in its operation.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*