(No. 28875.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MERLE CECIL PHILLIPS, Plaintiff in Error.

*Opinion filed January 23, 1946—Rehearing denied March 14, 1946.*

MERLE CECIL PHILLIPS, *pro se.*

GEORGE F. BARRETT, Attorney General, and RAY P. HULL, State's Attorney, (C. E. McNEMAR, of counsel,) both of Peoria, for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

Merle Cecil Phillips, plaintiff in error, hereinafter called the defendant, was convicted of the crime of embezzlement in the circuit court of Peoria county and sentenced on March 24, 1942, to the penitentiary for a term of not less than one year nor more than ten years, or until discharged by due process of law. He has sued a writ of error out of this court, assigning error on the judgment, and appears *pro se.*

He presents only a certified copy of the penitentiary *mittimus* which further recites as part of the judgment a recommendation that the minimum and maximum durations of imprisonment be not less than one year nor more than ten years, respectively.

The State insists that the trial judge made no recommendation as to minimum and maximum durations of imprisonment and that the following language appeared in the judgment of the court: "And the court having heard evidence upon the trial, and also having heard evidence as to the moral character, life and family, occupation and previous record of said defendant makes no recommendation herein as to minimum or maximum durations of imprisonment other than that subscribed by law."

The only assignment of error or contention made by the defendant is that having been sentenced on March 24, 1942, under the "Sentence and Parole Act of 1941" which has been declared illegal, he is entitled to a corrected sen-

tence to be entered under the "Sentence and Parole Act of 1943."

If the record is correct as represented in the additional abstract filed by the defendant in error, the sentence of one year to ten for embezzlement is a good and valid sentence and in accordance with the Parole Act as it existed prior to the amendment of 1941. *People* v. *Lisle,* 390 Ill. 327; *People* v. *Panczko,* 390 Ill. 398.

Should the record be correct as disclosed by the penitentiary *mittimus* the defendant could not then prevail. An exact situation was thoroughly reviewed by this court in the case of *People ex rel. Barrett* v. *Sbarbaro,* 386 Ill. 581. That case was an original petition for *mandamus* filed by the Attorney General seeking to compel the trial judge and the criminal court of Cook county to expunge orders of discharge of prisoners from the records of said court. In that case, as in the present one, the respondents had been sentenced prior to the decision in *People* v. *Montana,* 380 Ill. 596. In the *Sbarbaro case* we held that the effect of holding invalid the amendment of 1941 to the Parole Act was to leave that act in force as it existed prior to the adoption of the amendment, and that a valid sentence under the indeterminate sentence provisions of the Parole Act is not affected by the inclusion, in the judgment, of recommendations of the terms of imprisonment under the invalid amendment of 1941. When plaintiff in error was sentenced to the penitentiary in 1942, the statute as amended in 1943 was not in existence, and, therefore, plaintiff in error was properly sentenced under the law as it existed prior to the 1941 amendment.

No errors appear in the record presented and the judgment of the circuit court of Peoria county is affirmed.

*Judgment affirmed.*