(No. 29340.—

The People *ex rel.* Albert A. Sprague *et al.,* Trustees of Chicago Rapid Transit Company, Petitioners, *vs.* Philip J. Finnegan, Judge, Respondent.

*Opinion filed March 20, 1946—Rehearing denied May 21, 1946.*

BELL, BOYD & MARSHALL, and HERBERT M. JOHNSON, (THOMAS L. MARSHALL, and DAVID A. WATTS, of counsel,) all of Chicago, for petitioners.

GEORGE F. BARRETT, Attorney General, and BARNET HODES, Corporation Counsel, of Chicago, (WILLIAM C. WINES, WILLIAM H. SEXTON, and JAMES J. DANAHER, all of Chicago, of counsel,) for respondent.

Mr. JUSTICE FULTON delivered the opinion of the court:

At the November term, 1945, of this court, leave was granted Albert A. Sprague and Bernard J. Fallon, Trustees of Chicago Rapid Transit Company, as relators, to file a petition for writ of *mandamus* against Phillip J. Finnegan, as judge of the circuit court of Cook county, respondent.

The basis for the petition and the facts leading up to the filing of the same are briefly as follows:

At the May term, 1945, an opinion was filed in this court in the case of *Sprague* v. *Biggs,* 390 Ill. 537, reversing the decree and remanding the cause to the circuit court of Cook county, with directions to enter a decree in accordance with the views expressed in the opinion. The mandate from this court was duly issued on September 21, 1945.

The petition alleges that relators duly presented to the respondent, Judge Finnegan, a copy of the opinion in said

cause, together with the mandate, and also a form of decree which respondent failed or refused to enter.

A short history of the litigation prior to the filing of this original proceeding for *mandamus* shows the following: In July, 1941, the relators filed with the Illinois Commerce Commission new schedules increasing their rates of fare. The commission set aside the new schedules pending the hearing of evidence as to rates. On November 5, 1941, the relators filed their petition with the commission seeking a temporary increase in rates pending the hearing on the new schedule. This application for temporary increase in rates was denied. On June 15, 1942, upon the completion of the hearing, the commission entered an order fixing $36,000,000 as the rate base of petitioners but denied any increase in rates of fare.

On February 20, 1942, the relators brought suit in the circuit court of Cook county to enjoin the Illinois Commerce Commission and the Attorney General from enforcing the old schedules. The cause was referred to a master in chancery, who took voluminous testimony and filed a report recommending the granting of the relief prayed. The circuit court sustained exceptions to the master's report and entered a decree dismissing the complaint for want of equity. The cause came directly to this court from the entry of that decree, and the case was completely disposed of by this court in *Sprague* v. *Biggs,* 390 Ill. 537, where we reversed the decree and remanded the cause to the circuit court with directions to enter a decree in accordance with the views expressed in the opinion. After the case was remanded to the circuit court of Cook county, on October 11, 1945, it was reinstated by that court and reassigned to the respondent.

After due notice the petitioners presented to the respondent a copy of the opinion in said case, together with the mandate from this court, and a form of decree which provided that the commission and the Attorney General be

enjoined from enforcing the old rates and from interfering with relators charging the proposed higher rates. The respondent refused to enter the decree but permitted the Illinois Commerce Commission to file an amended and supplemental answer and then referred the cause to a master in chancery to take evidence solely on income and operating expenses of the petitioner's railroad property for the period commencing January 1, 1942, to the present time, and to report his findings by a short day. The filing of a motion by petitioners for leave to file an original petition for *mandamus* in this court followed, and was allowed. The petition prays that respondent be ordered to enter the decree presented or a decree of similar import.

The respondent argues that the defendants in the equity suit are indispensable parties to any *mandamus* proceeding affecting that suit. In *People* v. *Scanlan,* 294 Ill. 64, the procedure of making the trial judge the sole respondent in cases of this character was approved by this court. The point loses its force further from the fact that the petitioners moved to amend and make additional parties respondents, which motion was denied.

The question of rates is fully covered in *Sprague* v. *Biggs,* 390 Ill. 537, and is not open for discussion on this hearing. We held in that case that "The property managed and controlled by the trustees is devoted to a public use and the trustees on behalf of the trust estate are entitled to reasonable compensation for such use."

In our opinion this court clearly held that a rate of fare which does not produce income sufficient to meet operating expenses is confiscatory, and approved the finding, in *Norfolk & Western Railway Co.* v. *Conley,* 236 U. S. 603, 59 L. ed. 745, that rates yielding at most a very narrow margin above the operating expenses may be confiscatory. We further held that the trustees in that case were entitled to a temporary increase in fares to meet operating expenses, and that a court of equity should act to prevent irreparable

injury by enjoining the enforcement of orders denying a temporary increase in rates.

We find nothing in our opinion or the mandate which directs the court to open up the case for a trial *de novo* on any material issue in the case. There was nothing said by this court in the opinion which expressly or by implication authorized the respondent to permit further pleadings to be filed or to refer the case to a master in chancery for the purpose of taking further proof on the issue of confiscation. The language of our opinion does not contemplate a retrial on that issue or the taking of further evidence.

As we view the case, our opinion was complete and final as to the finding of confiscation, and it was the duty of respondent to follow the mandate which gave specific directions for the entry of a decree in accordance with the views expressed, and upon the record as made. (*People* v. *Scanlan,* 294 Ill. 64; *Wilson* v. *Fisher,* 369 Ill. 538.) The question as to what is a proper rate is still pending before the commission.

The petitioners have shown a clear right to a writ of *mandamus,* and it is, therefore, awarded, commanding respondent to enter a decree.

*Writ awarded.*

Upon petition for rehearing, the following additional opinion was filed May 21, 1946:

Per CURIAM: The arguments advanced in support of respondent's petition for rehearing and the motions of the city of Chicago and members of the Illinois Commerce Commission asking leave to intervene indicate there is gross misapprehension as to the real issue in this case. In *Sprague* v. *Biggs,* 390 Ill. 537, it was held that the record showed that the rate of fare imposed on the utility was confiscatory, in that the operating income was insufficient to meet operating expenses. It was also held, against the utility's contention, that the record did not show a state

of facts upon which a fare could be fixed that would produce a fair return on the investment. The cause was remanded with directions to proceed in accordance with the views expressed. If the distinction between the issue in a confiscation case and a review in this court on the commission's finding pursuant to section 68 of the Public Utilities Act (Ill. Rev. Stat. 1945, chap. 111⅔, par. 72,) had been observed, there would have been no occasion for the instant action. The effect of the remanding order was that the commission should be enjoined from requiring the utility to operate on a schedule of fares that would not produce operating income sufficient to meet operating expenses. It was not the function of this court or of the trial court to determine what that fare should be. It is clear that the schedule of fares which was automatically restored when the utility's proposed schedule of 12 cents was permanently suspended by the commission is not sufficient, but neither this court nor the trial court could fix a reasonable fare in a confiscation case. An examination of the opinion adopted in this case and in *Sprague* v. *Biggs* will show that we did not hold that the 12-cent fare proposed by the utility was a reasonable fare. The amount of the increase over the schedule of fares now in force is for the commission to determine, and after the injunction is issued by the trial court as directed in the remanding order, the commission should proceed without delay to advance the schedule of fares to such a point as to check the confiscation decided in *Sprague* v. *Biggs* by providing a return of income sufficient to meet operating expenses. The filing of inapt motions in this court, the trial court or before the commission (in attempts to relitigate that which has been determined) prolongs the confiscation.

The petition for rehearing is denied. The motions of the city of Chicago and the members of the commission for leave to intervene are also denied. It is ordered that the writ issue immediately.