(No. 29447.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HUBERT KNUDSEN, Plaintiff in Error.

*Opinion filed May 21, 1946.*

HUBERT KNUDSEN, *pro se.*

GEORGE F. BARRETT, Attorney General, and IVAN J. HUTCHENS, State's Attorney, of Decatur, (ROY B. FOSTER, and KENNETH E. EVANS, both of Decatur, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

By this writ of error, plaintiff in error, appearing *pro se,* seeks the reversal of an order of the circuit court of Macon county sentencing him to the penitentiary for an indeterminate term of from one to twenty years on his plea of guilty to an indictment charging him with the crime of indecent liberties with a minor child. The cause is here on the common-law record.

That record shows an indictment of four counts, charging him with committing the crime of indecent liberties with a minor child. On arraignment he entered a plea of not guilty and on his request the court appointed counsel to defend him. On October 26, 1942, the plea of not guilty was withdrawn and he entered a plea of guilty to the first count. After the court admonished him as to the consequences of his plea, he was sentenced to a term of from one to twenty years' imprisonment in the Illinois State

Penitentiary. The other counts of the indictment were *nolle prossed.*

His contention is that the trial court erred in refusing to include in the sentence a recommendation of a minimum and maximum term as provided by the Sentence and Parole Act then in force. (Ill. Rev. Stat. 1941, chap. 38, par. 802.) He insists that notwithstanding this court on September 25, 1942, declared the recommendation feature of that act invalid, the law was on the statute books at the time he committed the crime and the court should have included a recommendation of a minimum and maximum time to be served within the one to twenty years provided as punishment for the crime; that on September 20, 1942, the date he was charged with committing the crime, the judgment of this court in *People* v. *Montana,* 380 Ill. 596, had not been entered, and so he was entitled to the benefit of the minimum and maximum provisions of the 1941 Sentence and Parole Act. He concludes that the failure of the court to include in the sentence a recommendation of a minimum and maximum term increased his sentence in a manner *ex post facto.* There is no merit to this contention. The statutory penalty for the crime to which he pleaded guilty was one to twenty years, and under the holding of this court in the *Montana case,* no other or different sentence could lawfully be imposed upon him. That case, declaring that part of the Parole Act invalid was, in effect, a declaration that such provision never existed.

In *People* v. *Rawls,* 390 Ill. 476, Rawls and three others pleaded guilty to the crime of burglary and larceny and were sentenced to an indeterminate term of from one to ten years' imprisonment in the penitentiary. The judgment order recited that the court made no advisory recommendation other than the minimum and maximum duration prescribed by law. In affirming that judgment this court said: "Under these circumstances, it becomes unnecessary to remand the cause, with directions to enter a proper sen-

tence (*People* v. *Lantz*, 387 Ill. 72,) for the adequate reason that no other or different sentence could be imposed upon the defendant if the cause were remanded."

Plaintiff in error also contends that the denial of the recommendation of the trial judge that he serve a stated minimum and maximum term of imprisonment within the one to twenty years imposed denied him due process of law and the equal protection of the law, guaranteed to him by section 1 of the fourteenth amendment to the United States constitution and section 2 of article II of the Illinois constitution. He argues that as the minimum and maximum recommendation provisions of the 1941 Sentence and Parole Act had not been declared void at the time of the commission of the crime he was charged with committing, he should have been sentenced under that act, notwithstanding he was not sentenced until after this court had, in the *Montana case*, declared those parts of that act void, and therefore due process and equal protection of the laws were denied him.

In *People* v. *Lisle*, 390 Ill. 327, this court held that section 4 of the act in relation to the construction of statutes (Ill. Rev. Stat. 1941, chap. 131, par. 4,) does not give the defendant the right to be sentenced under a law not in full force and effect at the time of his sentence, but can only apply to the class of cases in which a new law became effective prior to the date of the actual sentence. It was also so held in *People ex rel. Kerner* v. *McKinley*, 371 Ill. 190, *People ex rel. Carlstrom* v. *David*, 336 Ill. 353, and *People* v. *Zito*, 237 Ill. 434.

Plaintiff in error was properly sentenced, and the judgment of the circuit court is affirmed.

*Judgment affirmed.*