(No. 29563.—

THE PEOPLE *ex rel.* George F. Barrett, Attorney General, Petitioner, *vs.* WILLIAM M. BARDENS, Judge, Respondent.

*Opinion filed September 18, 1946.*

512

GEORGE F. BARRETT, Attorney General, (EDWARD WOLFE, of Chicago, of counsel,) for petitioner.

JOHN J. RYAN, JOHN J. KRITZER, and LEONARD W. MELBURG, all of Monmouth, for respondent.

Mr. JUSTICE WILSON delivered the opinion of the court:

The People of the State, on the relation of the Attorney General, filed an original petition for a writ of *mandamus* directing the defendant, William M. Bardens, a judge of the circuit court of Knox county, to expunge from the records of the circuit court an order entered granting probation to Robert G. Kooser, Sr. The defendant interposed an answer to the petition, the petitioner moved to strike the answer, and its motion has been treated as a demurrer to the answer. Upon these pleadings, the cause has been submitted.

From the pleadings it appears that on June 1, 1942, Kooser was indicted in the circuit court of Knox county for the crime of taking indecent liberties with a minor. Upon arraignment, he pleaded not guilty but, thereafter, on June 26, 1942, withdrew his plea previously entered,

sought and was granted permission to plead guilty. Admonished as to his rights and the consequences of a plea of guilty, he persisted in his plea. The trial judge accepted the plea of guilty, found Kooser to be fifty-seven years of age, and referred his application for probation to a probation officer for investigation and report. Subsequently, the probation officer's report was filed and the recommendation (its nature is not disclosed) accepted by the court, and the evidence was heard. Kooser next made a motion to withdraw his plea of guilty and tendered a plea of not guilty. His motion was allowed, and counsel was appointed to represent him. On July 21, 1942, Kooser again appeared in court and, this time, moved to withdraw his plea of not guilty and to again enter a plea of guilty. His motion was allowed, and no question of the regularity of the proceedings incident thereto is presented. Kooser was sentenced upon his plea of guilty to the penitentiary for an indeterminate term of not less than one nor more than twenty years, and an advisory recommendation was incorporated in the judgment order recommending minimum and maximum limits of one and two years, respectively. July 22, 1942, Kooser commenced service of the sentence imposed upon him. Shortly afterwards, the amendments of 1941 to the Sentence and Parole Act upon which the advisory recommendation was based were pronounced unconstitutional. (*People* v. *Montana*, 380 Ill. 596.) At the September, 1944, term of this court, Kooser's application for leave to file a writ of error was granted. In his brief, he made the single contention that the recommendation of the trial judge fixing minimum and maximum limits of imprisonment rendered the entire sentence erroneous. The relief sought was a remandment of the cause for proper sentence. At the January, 1945, term of court, the Attorney General filed a confession of error with respect to the advisory recommendation incorporated in the sentence and judgment entered in the circuit court and suggested that

the cause be remanded, with instructions to the circuit court of Knox county to sentence Kooser in conformity with the law. We allowed the confession of error on January 8, 1945, and, on the same day, the mandate of this court was issued remanding the cause to the circuit court of Knox county with directions "to impose a proper sentence in conformity with law." February 8, 1945, Kooser was brought before the circuit court in the custody of the sheriff. Proceedings were continued until February 15 when Kooser presented a motion to be admitted to probation. The matter was referred to the probation officer of the county for investigation and report and, later, on March 6, 1945, the probation officer's report recommending probation for Kooser was filed, the report was approved by the court, and Kooser released from custody and admitted to probation until July 1, 1946, upon entering a probation bond and upon the conditions described in the probation order.

Upon the basis of the facts recounted, the petition charges that the defendant judge of the circuit court disregarded the specific instructions of this court to properly sentence Kooser in conformity with law; that Judge Bardens was without authority to grant probation to Kooser and that, consequently, the order admitting Kooser to probation is void. Answering, defendant avers that when Kooser appeared before him, nothing remained to be done except to pronounce sentence; that Kooser was not precluded from invoking the beneficent provisions of the Probation Act and that he, as a judge of the circuit court, was not barred from considering and disposing of the motion for probation upon its merits. Answering further, defendant avers that, upon the filing of the remanding order reversing the original judgment of sentence with the clerk of the circuit court, the court itself was reinvested with full jurisdiction not only of the subject matter but, also, of the person of Kooser, and that the latter was then re-

stored to all the rights or privileges accruing to him under the laws of this State immediately prior to the entry of judgment of sentence when "nothing remains to be done by the court except pronounce sentence," and that he, the trial judge, was empowered and authorized, in his discretion, to admit Kooser to probation, pursuant to the prayer of his motion.

The one question of law presented for decision is whether the order of March 6, 1945, granting probation to Kooser, constitutes compliance with the mandate of this court directing the circuit court of Knox county "to impose a proper sentence in conformity with law." Admittedly, the judgment of conviction was not reversed. The only relief sought by Kooser when he sued out a writ of error was a remandment of the cause for the purpose of entering a judgment of sentence in conformity with the law. Where the directions of a reviewing court are specific, a positive duty devolves upon the court to which the cause is remanded to enter an order or decree in accordance with the directions contained in the mandate. If the mandate gives precise and unambiguous directions, they must be obeyed. (*People ex rel. McLaren* v. *DeBoice,* 377 Ill. 634; *Wilson* v. *Fisher,* 369 Ill. 538; *People ex rel. Callahan* v. *DeYoung,* 298 Ill. 380; *People ex rel. Olson,* v. *Scanlan,* 294 Ill. 64; *Fisher* v. *Burks,* 285 Ill. 290; *Prentice* v. *Crain,* 240 Ill. 250; *People ex rel. Stead* v. *Superior Court,* 234 Ill. 186.) "If specific directions are given, the court can do nothing but carry out such directions." (*Town of Kaneville* v. *Meredith,* 361 Ill. 556.) In short, if our order and the mandate issued pursuant thereto are specific and free from ambiguity, a duty rests upon the judge of the trial court upon the remandment of the cause to execute the command of this court, and, in so doing, judicial discretion may not be exercised. When Kooser appeared before the circuit court in March, 1945, he could have elected to be sentenced under the provisions

of the Sentence and Parole Act, as amended in 1943, (*People* v. *Wilson,* 391 Ill. 463,) or he could have waived any possible benefits accruing to him under the amendments of 1943 and, had he so elected, the trial court would have had no alternative other than to pronounce sentence under the provisions of the Sentence and Parole Act, as they obtained prior to the amendments of 1941. (*People* v. *Anderson,* 391 Ill. 606; *People* v. *Lisle,* 390 Ill. 327; *People* v. *Pulfrey,* 390 Ill. 387; *People* v. *Rawls,* 390 Ill. 476; *People* v. *Panczko,* 390 Ill. 398; *People* v. *Lantz,* 387 Ill. 72.) So far as the pleadings disclose, Kooser made no election in this regard but, instead, made a motion for probation which was granted. Again, it affirmatively appears from the pleadings that the defendant did not impose any sentence of confinement to the penitentiary upon Kooser. The question is thus narrowed to a determination of whether the order granting probation complies with the mandate of this court directing the imposition of a proper sentence upon Kooser.

In *Featherstone* v. *People,* 194 Ill. 325, this court observed, "The punishment or penalty is fixed by the law defining and inhibiting the criminal act; the *sentence* is the final determination of the criminal court,—the pronouncement by the judge of the penalty or punishment as the consequence to the defendant of the fact of his guilt." In *People ex rel. Fullenwider* v. *Jenkins,* 322 Ill. 33, the court said: " 'Sentence' is 'a judgment or judicial declaration made by a judge in a cause. The term judgment is more usually applied to civil and sentence to criminal proceedings.' [Citation.] Sentence denotes the action of a court of criminal jurisdiction declaring the consequences to a convict of the fact of guilt confessed or ascertained by a verdict." Probation is a substitute for imprisonment. A primary purpose of the probation system is to give to defendants classified by the Probation Act, who have pleaded guilty or have been proved so, an opportunity for

reformation, provided the trial court be satisfied there is reasonable ground to expect both that the defendant will be reformed and that the interests of society will be subserved. (*People* v. *Donovan,* 376 Ill. 602; *People* v. *Miller,* 317 Ill. 33.) A sentence to imprisonment in the penitentiary cannot be synonymous with a grant of probation entitling a convicted defendant to escape a penalty of imprisonment. As pertinently pointed out in *Commonwealth* v. *Smith,* 130 Pa. S. 536, 198 Atl. 812, the court, in deciding that an order of probation is not a sentence, commented, " 'It delays the sentence and may result in the release of the defendant at the end of the probationary period but until the conduct of the defendant has been such as to harmonize with the conditions of probation the sentence is in abeyance. And on failure to perform the conditions the defendant may be sentenced as provided in the act under which the indictment was drawn.' It is nowhere in the act called, or referred to as, a sentence. * * * An examination of the provisions of section 1 of the Probation Act as amended, [citation,] shows that the placing of the defendant on probation on such terms and conditions as the court may deem right and proper is regarded as a judgment, and the terms and conditions of probation are directed to be duly entered of record 'as a part of the judgment in such case.' But it is not a final judgment of sentence. * * * It is rather an interlocutory judgment, in the nature of a conditional order placing the defendant under the supervision and control of the court, in a system of tutelage designed for his reformation, [citations,] to be followed by a final judgment of discharge, if the conditions of his probation are complied with, [citation,] or by a final judgment of sentence on his being brought before the court following a violation of the terms of his probation." Obviously, the mandate of this court was not executed by granting probation to Kooser.

The contention of defendant that he was reinvested with authority to grant probation is untenable. It does not follow that because Kooser enjoyed the right to make application for probation at the conclusion of his trial in 1942, and that the court was vested with authority to grant or deny his petition, that Kooser enjoyed the same right and that the court was reinvested with authority in this respect upon a remandment of the cause for the sole purpose of correcting an erroneous sentence. In numerous decisions during the past few years our intention to hold, in reversing sentences and remanding causes for the purpose of resentencing defendants pursuant to the law, that the sentences were, in part, erroneous, is abundantly clear. We intended that the trial courts in such cases should correct portions of previous sentences held erroneous merely because of the inclusion of advisory recommendations under invalid amendments to the Sentence and Parole Act. Indeed, until the amendments of 1943 to the Sentence and Parole Act were added, it would have been entirely proper for this court to have regarded the advisory recommendations as surplusage, to have ordered the provisions therefor stricken from the judgments of sentence, and to have affirmed the judgments of sentence, as modified. See *People ex rel. Barrett* v. *Sbarbaro,* 386 Ill. 581, where we pointed out that "The validity and force of the judgments is exactly the same as if the 1941 amendment had not been passed. * * * The inclusion of the recommendations in the judgments, purporting to reduce the maximum term of the sentences imposed, under the authority of the invalid amendment of 1941, was without lawful authority, and void. This unauthorized act had no effect whatever upon the lawful sentences imposed." After the amendments of 1943, it became necessary, of course, to remand the causes for resentencing because, from the effective date of the new amendments, a defendant enjoyed the right to be resentenced thereunder or, if he so desired, under the pro-

visions of the law obtaining prior to the enactment of the unconstitutional amendments of 1941. Since we have expressly stated, in many cases, that the sole purpose of reversing sentences and remanding the causes was to enable the trial court to enter a proper sentence, and this has been the purport of other decisions, the conclusion is impelling that when a defendant is resentenced, pursuant to the mandate of this court, the trial court has no alternative but to sentence the defendant under the applicable provisions of the Sentence and Parole Act. (*People* v. *Panczko,* 390 Ill. 398.) In *People* v. *Wilson,* 391 Ill. 463, we said, "It was the duty of the trial court to follow strictly the order of this court directing the trial court to resentence. [Citations.] * * *, the trial court was without authority to change the original judgment entered on July 16, 1941, as the prisoner was serving his sentence, and the court had lost jurisdiction of his person. * * * Under repeated decisions of this court, the proper procedure was for the trial court to resentence the plaintiff in error, in accordance with the provisions of the act of 1943, and in the case of *People* v. *Atkinson,* 376 Ill. 623, we held that this rule as to resentencing the defendant is not changed, even though the defendant has served a substantial part of his erroneous sentence." *People* v. *Barg,* 390 Ill. 201, is to the same effect.

*Mandamus* is the proper remedy to expunge a void order in a proceeding where the court has entered an order which fails to conform with the mandate of a court of review. (*People ex rel. Sprague* v. *Finnegan,* 393 Ill. 562; *Smith* v. *Farmers' State Bank,* 392 Ill. 456; *People* v. *DeBoice,* 377 Ill. 634; *Wilson* v. *Fisher,* 369 Ill. 538; *People ex rel. Andalman* v. *Finnegan,* 350 Ill. 109; *People* v. *Scanlan,* 294 Ill. 64.) Here, the circuit court was directed to sentence the defendant, and this, admittedly, has not been done. The cause, upon the remandment, was not in the same condition as prior to the entry of the original

judgment of sentence. When the cause was redocketed, and the portion of judgment of sentence with respect to advisory recommendation eliminated, under our mandate but one thing remained to be done, namely, to sentence defendant to the penitentiary upon his plea of guilty to the crime for which he was indicted.

Defendant's argument to the effect that Kooser's right to elect under which law he would be resentenced does not accrue to him by virtue of the remanding order is beside the point. Kooser was ordered to be resentenced in conformity with the law, and the law is that an accused may elect to be sentenced under one of two portions of the statute. It is not a privilege accruing to the trial judge granting him any discretion but is solely a provision available to the accused, and is as much a part of the remanding order as if expressly incorporated. Nor is the argument well taken that if our intention was to order only a new sentence to the penitentiary we would have included directions to sentence Kooser to a term of not less than one nor more than twenty years, or to sentence him to the penitentiary in accordance with the Sentence and Parole Act, "without giving him an opportunity to make application for probation." The plain purport of the remanding order is that Kooser shall be so sentenced. The directions to the circuit court are specific and not general, and, in our opinion, free from ambiguity and not open to construction. *People* v. *Wilson*, 391 Ill. 463.

The defendant was without authority or jurisdiction to admit Kooser to probation upon the remandment of the cause to the circuit court. Accordingly, the writ of *mandamus* commanding expunction of the void order of March 6, 1945, is awarded.

*Writ awarded.*